Robert L. **BEADIN**, Petitioner,

v.

Richard H. **CLARK**, and Indiana Attorney General, Respondents.

Civ. No. S 89–594.

United States District Court, N.D. Indiana, South Bend Division.

March 23, 1990.

---

**8.** This decision necessarily renders plaintiff's motion for an appointment of a receiver moot.

Robert L. Beadin, pro se.

Lawrence N. Ferlicca and Sheila M. Flynn, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On December 15, 1989, *pro se* petitioner, Robert L. Beadin, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on February 7, 1990, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The respondents also filed a supplemental return on March 19, 1990. The state record of proceedings has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). This court takes further note of its Order of March 2, 1990, indicating the four issues that are to be considered in this proceeding.

As indicted, the petitioner was convicted in the St. Joseph Superior Court in South Bend, Indiana, of the offenses of attempted murder and robbery on July 25, 1986. He was sentenced to a 35–year term of imprisonment for attempted murder and a ten-year term of imprisonment for robbery,

said terms to be served concurrently. Later, the state trial court modified the sentence for attempted murder to a 30–year term. The petitioner is now serving the sentences in the Indiana State Prison, Michigan City, Indiana.

The petitioner appealed directly to the Supreme Court of Indiana with reference to these convictions. That court, speaking through Chief Justice Shepard, unanimously affirmed the aforesaid conviction, as reported in *Beadin v. State,* 533 N.E.2d 144 (Ind.1989). No other post-conviction proceedings have been attempted.

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th

Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir. 1987), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.1987), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.1987), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

The Supreme Court in *Jackson* held:

> We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

443 U.S. at 324, 99 S.Ct. at 2791–92. (footnote omitted).

In this regard, the Supreme Court of Indiana stated at 533 N.E.2d 144 at 146:

> That standard requires this Court to look at the evidence most favorable to the verdict, and, without reweighing the evidence or judging the credibility of the witness, decide whether a reasonable person could find the existence of each element of the crime beyond a reasonable doubt. . . .
>
> The jury may infer intent to kill from the use of a deadly weapon in a manner likely to cause death.
>
> The State presented evidence to rebut Beadin's contention that the shooting was an accident. The shotgun could only be fired by pulling back on the trigger with a force in excess of six pounds. When firing the shotgun, Beadin took the time to level the gun at Baker. Baker testified, "I was looking down a barrel of a shotgun . . ." The jury had sufficient evidence before it to infer that Beadin intended to kill Baker.

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of attempted murder and robbery.

■ The second issue pertains to admission of a mug shot of the petitioner and there is an argument that such deprived the petitioner of a fundamentally fair trial under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. As a general proposition of the admissibility of evidence is a matter under our federal system left to a recent decision by the state judiciary absent a determination that there has been a fundamentally unfair trial. *See Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The Supreme Court of Indiana dealt specifically with this issue and expressed a shared concern against an extravagant or excessive use of so-called mug shots. The Supreme Court of Indiana cautioned restraint in this regard, a judicial attitude that is shared here. Nonetheless, it found no error in this case and this court finds no constitutional error.

The key day in the evidence with reference to the relevant incidents was March 27, 1986. The so-called mug shot clearly indicated that the picture was taken on March 28, 1986, or the day after. The jury was fully informed that the photograph in question was taken incident to an arrest of the petitioner and the admission of the same does not rise to a constitutional issue. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989).

■ There was also testimony offered in the trial of the petitioner in the state court with reference to guns found in the petitioner's house. One of the defenses that had been posed by the petitioner was the defense of accidental shooting. Certainly at least in a limited fashion, this raised an issue with regard to the petitioner's possession of and familiarity with other firearms, including a double barrel shotgun. Under the same rationalization found in the authorities above cited, this does not rise to a constitutional issue. This court is very familiar with Judge Woods' opinion in *Dudley v. Duckworth*, 854 F.2d 967 (7th Cir. 1988), and does not believe that the kind of prejudicial evidence is present here that was present in *Dudley*.

■ The petitioner last raises the denial of effective assistance of trial counsel under the Sixth Amendment of the Constitution of the United States, as was explicated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court of Indiana specifically reviewed the ineffective of counsel issue at page 147. Certainly, this court is not bound under 28 U.S.C. § 2254(d) by that decision of the Supreme Court. The court may give respect to the facts found by the state Supreme Court, and it does here. However, it makes an independent examination of the record under the mandates of Judge Ripple's opinion in *Galowski v. Murphy*, 891 F.2d 629, 635 (7th Cir.1989).

■ Specifically, the petitioner's trial counsel is faulted for failing to object to the testimony of a Dr. Yount when he testified that the victim, Officer Baker, would have been paralyzed if hit two inches lower and would have been dead if hit four inches lower. Trial counsel is also faulted by the petitioner for not objecting to Officer Zeider, who estimated that the trigger pull on the petitioner's sawed-off shotgun was between six and seven pounds.

Those who have labored long in state and federal courtrooms in criminal jury trials are aware that a defense counsel often have an on-going dilemma that must be made in the heat and passions of the moment to determine whether to object to particular evidence. The Supreme court of the United States and numerous judges in the Court of Appeals in this circuit have cautioned against Monday morning quarterbacking and acting with the omniscience of hindsight in regard to these kinds of tactical decisions that must be made. One experienced in the trial of these kinds of cases could very easily have concluded that it was better to avoid an objection that would be overruled in any event and give undue emphasis to the proffered testimony. From this Judge's perspective, that interpretation of this event is altogether reasonable. The Sixth Amendment of the Constitution of the United States does not impose a species of strict liability on the defense counsel in a criminal case for failing to make every objection to every piece of evidence that goes in, especially when it is likely that the objection will be overruled and that the objection will merely empha-

size to the trier of fact the piece of evidence that was objected to. There is very little doubt that both the testimony of Dr. Yount and Officer Zeider would have been admitted in spite of any objection that could have been made by the petitioner's counsel.

Next, the petitioner faults his counsel for failing to tender jury instructions on a lesser included offense, arguing that criminal recklessness under Indiana Code § 35–42–2–2 is a lesser included offense of attempted murder. It appears that the Supreme Court of Indiana rather quickly laid this item to rest by stating categorically at page 148 of its opinion that criminal recklessness is not a lesser included offense of attempted murder, citing *Flowers v. State*, 481 N.E.2d 100 (Ind. 1985), and further finding that the petitioner's counsel could not be ineffective for neglecting to tender such instruction.

The Supreme Court of Indiana gave the defense counsel for the petitioner generally good grades for his performance, and under the formulation in *Strickland, supra*, this court agrees. A careful examination of this record demonstrates that there is no merit to the petitioner's request for a writ of habeas corpus under § 2254. There being no merit, it renders MOOT the request of the petitioner for counsel which is now DENIED. IT IS SO ORDERED.