931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. BEADIN, Petitioner/Appellant,
v.
Richard CLARK, Superintendent of the Indiana State Prison
and Indiana Attorney General, Respondents/Appellees.
 No. 90-1960.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided April 18, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert L. Beadin petitioned for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 challenging his conviction and incarceration for attempted murder in Indiana.[1] For the reasons stated below, we affirm the district court's dismissal of Mr. Beadin's petition.
 
 FACTS
 
 2
 On March 27, 1986 Mr. Beadin shot and injured a South Bend Indiana police officer. The shooting took place outside of Mr. Beadin's home. The police were at the scene as part of their investigation of a robbery and were in pursuit of Mr. Beadin. At the time of the shooting, Mr. Beadin was attempting to enter his house and was holding his daughter in one arm while carrying a loaded shotgun in the other hand.
 
 
 3
 Although Mr. Beadin contended that the gun accidentally fired as he moved from his car to his home, the jury found Mr. Beadin guilty of attempted murder and guilty of the robbery. He was sentenced to 35 years for the attempted murder conviction and a concurrent 10-year term for the robbery. Upon appeal, Mr. Beadin's sentence for the attempted murder was reduced to 30 years. Mr. Beadin's conviction was upheld by the Indiana State Supreme Court. Mr. Beadin then filed a petition for writ of habeas corpus in Federal District Court.
 
 ANALYSIS
 
 4
 Mr. Beadin raises four arguments in support of his petition for a writ of habeas corpus. Two of his arguments relate to alleged errors in the admission of evidence at the trial: 1) that the trial court erred in admitting a mug-shot of Mr. Beadin and 2) that the trial court erred in admitting evidence regarding other guns found in Mr. Beadin's home at the time of his arrest. Mr. Beadin also argues that he received ineffective assistance of trial counsel and that the evidence produced by the prosecutors was insufficient to support his conviction on the attempted murder charge.
 
 1. The Evidentiary Rulings
 
 5
 Because our review of habeas petitions is limited to questions of unconstitutional custody, state evidentiary rulings rarely serve as the proper basis for granting a writ. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990); Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir.1988). The admissibility of evidence is primarily governed by state law. Only when the evidentiary ruling is such that it renders a trial fundamentally unfair does it rise to the level of a constitutional violation. Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.1990); Bleimehl v. Cannon, 525 F.2d 414, 420 (7th Cir.1975).
 
 A. The Mug-shot
 
 6
 We have recognized the prejudical effect of the introduction of a mug-shot, given its well-known format and implication of past criminal activity and bad acts. Bleimehl, 525 F.2d at 416-17; Rodriguez v. Young, No. 89-3605, slip op. at 9 (7th Cir. February 22, 1991). At the same time, that prejudicial effect does not always give rise to a federal constitutional violation. When the jury is fully informed of the circumstances surrounding the production of the mug-shot such that the inference of a criminal history or bad character is mitigated, its introduction does not rise to the level of a constitutional denial of due process. Bleimehl, 525 F.2d at 421; Rodriguez, No. 89-3605 at 10.
 
 
 7
 The introduction of Mr. Beadin's mug-shot did not render his trial fundamentally unfair. As the Indiana Supreme Court held, the date March 28, 1986 was clearly visible on the mug-shot. Mr. Beadin was on trial for conduct that was alleged to have occurred on March 27, 1986. Further, a police officer testified that the mug-shot depicted the clothing Mr. Beadin wore at the time of his arrest. See Beadin v. State, 533 N.E.2d 144, 146 (Ind.1989). Thus, with this information, the mug-shot's prejudicial implication of past criminal activities was negated. As such, the Indiana Supreme Court concluded that the jury was clearly informed about the mug-shot in a manner that negated any implication of a past criminal record. Given that Mr. Beadin's case is a habeas petition, we will not overturn that decision.
 
 B. The Other Guns
 
 8
 While the admission of evidence regarding Mr. Beadin's possession of other guns could have a prejudicial impact on his case, we can not conclude that any such prejudicial effect rendered his trial fundamentally unfair. In defense of his actions, Mr. Beadin claimed that he fired his gun accidentally. To rebut this defense by showing his familiarity and experience with guns, the prosecution introduced evidence of other guns in Mr. Beadin's possession at the time of his arrest. The prosecution also introduced expert testimony as to the force needed to fire a shotgun similar to the one used by Mr. Beadin. This evidence is probative of Mr. Beadin's claim that the gun fired accidentally. Its introduction may have been prejudicial to Mr. Beadin's defense but was not so prejudicial as to deny him a fair trial.
 
 2. Ineffective Assistance of Counsel
 
 9
 We look to the totality of the circumstances and presume that counsel rendered reasonable representation in reviewing a claim of ineffective assistance of counsel. United States v. Muehlbauer, 892 F.2d 664, 668 (7th Cir.1990). To overcome this presumption of reasonable representation, Mr. Beadin must prove both that 1) his counsel's performance fell below an objective standard of reasonableness and 2) his counsel's performance prejudiced his defense. Id. at 668, citing Strickland v. Washington, 466 U.S. 668, 694 (1984). Mr. Beadin points to his counsel's lack of preparation and investigation, to his failure to make certain evidentiary objections at trial, and his failure to request a jury instruction on a lesser included offense of attempted murder as evidence that his performance fell below an objective standard of reasonableness.
 
 
 10
 However, the record does not support Mr. Beadin's contentions. The Indiana Supreme Court concluded that it was Mr. Beadin and not his counsel who requested a continuance prior to the trial. Beadin v. State, 533 N.E.2d 144, 147 (Ind.1989). Further, the record contains ample evidence that Mr. Beadin's counsel prepared a defense. He made a prompt motion for discovery, he presented witnesses at the trial, and he collected letters of recommendation and favorable assessments of character for Mr. Beadin. In fact, Mr. Beadin himself admits that he met with his counsel on a number of occasions prior to his trial, although he does allege that the meetings lasted no more than a total of 45 minutes.
 
 
 11
 In addition, we will not review a lawyer's tactical decisions. Rodriguez v. Young, 906 F.2d 1153, 1160 (7th Cir.1990). Mr. Beadin's counsel's failure to object to the testimony of an expert witness about the victim's injuries and the health risks from the type of injury inflicted was the type of tactical decision well within trial counsel's discretion. The other evidence which Mr. Beadin argued required objections from his counsel similarly were reasonable tactical decisions. Mr. Beadin's counsel did not object to the admission of: 1) shot gun shells, 2) photographs of the Beadin residence and 3) Mr. Beadin's mug shot. We can not conclude that trial counsel's failure to object to the admission of this evidence rendered his performance below an objective standard of reasonableness. Further, assuming arguendo a failure to object to the admission of this evidence was error, Mr. Beadin has made no showing that the outcome of his trial would have been different absent the evidence in question.
 
 
 12
 Finally, the Indiana Supreme Court ruled that counsel's failure to seek a jury instruction on the lesser included offense of battery or criminal recklessness was not error because neither is a lesser included offense of attempted murder. Upon appeal to this court, Mr. Beadin acknowledges this conclusion as to the battery instruction but argues that criminal recklessness does apply to his defense of an accidental shooting. We can not conclude that the Indiana Supreme Court's interpretation of its state law is erroneous. Thus, because Mr. Beadin has not shown that his counsel's performance fell below an objective standard of reasonableness, we can not conclude that he was denied effective legal representation.
 
 3. Sufficiency of the Evidence
 
 13
 Mr. Beadin contends that the state failed to prove his specific intent to fire the weapon and injure the police officer as is required to prove a charge of attempted murder. Essentially, Mr. Beadin challenges the jury's factual findings. In our review of habeas petitions, factual findings carry a presumption of correctness that we will not overturn unless the findings are not supported by the record as a whole. Andersen v. Thieret, 903 F.2d 526, 529 (7th Cir.1990).
 
 
 14
 Therefore, Mr. Beadin must show that no rational trier of fact, after reviewing the evidence in the light most favorable to the prosecution, could have found him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Mr. Beadin has not met this burden. The Indiana Supreme Court held that, as a matter of Indiana law, a jury may infer an intent to kill from the use of a deadly weapon. Beadin v. State, 433 N.E.2d at 148. Apart from this state court ruling, the record contains evidence sufficient to show that a rational trier of fact could have found Mr. Beadin guilty. The victim testified, there was expert testimony on the force needed to fire the type of gun used, evidence was presented regarding Mr. Beadin's experience with guns, and witnesses testified that Mr. Beadin was brandishing the weapon and pointing it in the direction of the victim. Mr. Beadin himself admitted having the gun and attempting to evade the police officers. In the face of this evidence, taken in the light most favorable to the prosecution, a rational trier of fact could have rejected Mr. Beadin's argument that the shooting was accidental and found him guilty of attempted murder.
 
 
 15
 Therefore, Mr. Beadin has not met his burden of proving a constitutional violation to his custody in state prison. The district court properly denied his petition for a writ of habeas corpus.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Beadin was also convicted of robbery but did not challenging that conviction in this petition