**Richard FOUT, Appellant,
(Defendant Below),**

v.

**STATE of Indiana, Appellee,
(Plaintiff Below).**

**No. 50A03–9011–CR–478.**

Court of Appeals of Indiana,
Third District.

July 25, 1991.

Larry A. Barkes, Mark A. Armstrong, Hartzog, Barker, Hepler & Saunders, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Richard Fout appeals his conviction for neglect of a dependent, a Class B felony. On appeal Richard attacks the sufficiency of the evidence supporting the conviction.

The evidence relevant to the appeal discloses that Richard and his wife Karrie consulted a registered nurse regarding the home delivery of the couple's baby. On November 20, 1989, approximately six weeks prior to the baby's due date, Karrie informed the nurse that her "water had broken." The nurse advised the couple that the likelihood of a premature delivery and the chance for infection when the fetus is no longer protected by the amniotic fluid presented a high-risk situation. The nurse arranged an appointment with Dr. Cynthia Heckman–Davis.

Dr. Heckman–Davis examined Karrie on November 25, 1989. The doctor discovered signs of an infection in the traces of amniotic fluid remaining in the vaginal vault. The doctor forwarded the sample to a laboratory for a determination as to the type of infection. Also, the examination revealed that the fetus was in a breech position.

The doctor informed Richard, Karrie and Karrie's mother that the potential for a premature birth, the presence of the infection and the breech position were each separately sufficient to create a risk of injury or death for the mother and the baby. She advised them to immediately proceed to the hospital based upon the "very high risk situation." Richard and Karrie ignored the doctor's advice.

On November 29, 1989, the doctor received the lab report which isolated the infection as a Group B Beta Hemolytic Streptococcus infection. The doctor telephoned Karrie, informed her of the findings, and again recommended immediate hospitalization. Richard was advised of the doctor's recommendation by Karrie. Again, Richard and Karrie refused to follow the doctor's advice.

On November 30, Karrie went into labor. Richard assisted in delivering the baby, Lela, on the morning of December 1, 1989. Lela weighed under five pounds. Richard

telephoned the doctor to inform her of the birth. The doctor did not repeat her warning regarding immediate hospitalization because Richard and Karrie had previously refused the advice and because Richard stated that Lela appeared to be in good health. However, the doctor instructed Richard that any indication that Lela was not eating well or was experiencing breathing difficulties would require immediate medical treatment.

Lela would not take breast milk. Richard and Karrie attempted to feed Lela warm water to prevent dehydration. On the morning after her birth, Richard and Karrie noticed that Lela was experiencing breathing difficulties. Richard, who was trained as an emergency medical technician, administered CPR for 45 minutes. Lela died.

In a statement to police officers, Richard admitted that he was aware of the risks to Lela, but that he and Karrie did not want medical intervention in their daughter's birth. Richard and Karrie were arrested and charged with neglect of a dependent resulting in serious bodily injury to-wit: the death of Lela, a Class B felony.

Richard was tried individually in June 1990. After the trial by jury, Richard was convicted on the charge. Richard was sentenced to a suspended six-year term of imprisonment and was placed on probation for six years. This appeal ensued.

As acknowledged by Richard, it is well settled that upon a challenge to the sufficiency of the evidence courts on review will neither weigh the evidence nor judge the credibility of witnesses and will consider only the probative evidence and reasonable inferences supporting the verdict. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1284. The statute under which Richard was convicted states in pertinent part:

"(a) A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:

   1) places the dependent in a situation that may endanger his life or health;

    *    *    *    *    *    *

commits neglect of a dependent, a Class D felony. However, ... the offense is a Class B felony if it results in serious bodily injury."

IND. CODE § 35-46-1-4.

■ "A person knowingly commits neglect of a child when he is 'subjectively aware of a high probability that he placed the dependent in a dangerous situation.'" *Hill v. State* (1989), Ind.App., 535 N.E.2d 153, 154, *quoting Ware v. State* (1982), Ind.App., 441 N.E.2d 20, 23, *trans. den.* Normally a defendant's subjective awareness requires resort to inferential reasoning to ascertain a mental state. *See id.* Thus, a court must view all the surrounding circumstances to determine whether the guilty verdict was proper. *Id.*

■ Here, Richard's subjective knowledge may be inferred from not only the circumstances, but also from certain admissions made by Richard to the police. Richard and Karrie had been advised to seek medical treatment for the benefit of both Karrie and of the baby prior to Lela's birth. They were informed that a strep infection was discovered in the amniotic fluid, prompting the doctor to again recommend immediate hospitalization. Upon Lela's birth her weight was under five pounds. After consulting with the doctor again, Richard was specifically informed of two conditions which if present required immediate medical attention. Richard admitted that both conditions existed; yet, Richard persisted in his refusal to seek medical treatment for Lela. The circumstances, especially when coupled with Richard's admission that he knew Lela was in danger, amply support a finding that Richard knowingly or intentionally placed Lela in a situation that could endanger her life.

■ Richard also complains that the charge should not have been elevated to a Class B felony. Distilled to its most basic elements, Richard argues that because expert testimony established that Lela had approximately a 50% chance of survival had immediate medical treatment been rendered, the evidence does not support a finding that his failure to seek treatment precipitated her death. Richard argues that

the expert witnesses did not specifically identify Lela's chance of survival without medical treatment.

The State proved that Lela did not survive and that she was not provided with any medical treatment. Richard, by his admissions, was aware of the risks. Also through admissions and his conduct, Richard clearly did not intend to seek medical treatment for Lela knowing the risks. *Cf. Hall v. State* (1986), Ind., 493 N.E.2d 433, 434–35 (defendants admitted that regardless of seriousness of child's illness, they would not seek medical attention). The evidence supports the conviction and the enhancement to a Class B felony for Lela's death.

There being no finding of error, the judgment of conviction is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.