Michael G. KELLOGG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

### No. 30A01–9310–CR–337.

Court of Appeals of Indiana,
First District.

June 30, 1994.

Stephen Gerald Gray, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Michael G. Kellogg appeals from his conviction and sentence for Neglect of a Dependent, a Class D felony. Kellogg was arrested for operating while intoxicated at the time his young daughter was a passenger in his vehicle. Following a jury trial, Kellogg was also found guilty of (1) Operating a Vehicle With a Blood Alcohol Level of .10% or More; (2) Operating a Vehicle While Intoxicated; (3) Child Restraint Violation; (4) Speeding; and (5) No Valid Operator's License When Required. The trial court entered judgments of conviction and sentenced Kellogg only for the Operating a Motor Vehicle While Intoxicated and Neglect of a Dependant counts. Kellogg raises the following issues for review which we restate as:

1. Whether the State was required to prove the minor passenger in Kellogg's car was Kellogg's daughter in order to establish neglect of a dependent.

2. Whether the evidence was sufficient to prove that Kellogg knowingly placed a dependent in a situation which endangered the dependent's life or health.

3. Whether Kellogg's convictions and sentences for both operating a vehicle while intoxicated and neglect of a dependent violate the prohibition against double jeopardy.

We affirm in part, reverse in part, and remand.

## DISCUSSION AND DECISION

### Issue One: Care of a Dependent

■ Kellogg first alleges that the trial court erred when it allowed admission of his statement, made to the police following his arrest, that the minor passenger in his car was his daughter. Kellogg claims that the statement was made during custodial interrogation and, absent *Miranda* warnings, was inadmissible. In Kellogg's view, the State was required to show that the dependent was his daughter and because his inadmissible statement was the only evidence which proved that fact, the State could not prove this essential element of its case.

We need not decide whether Kellogg's statement was admissible or made during custodial interrogation. Proof that the passenger in Kellogg's car was *his* child was not an element of the State's case for the offense of neglect of a dependent. The neglect of a dependent statute states in pertinent part:

A person having the care of a dependent, *whether assumed voluntarily or because of a legal obligation,* who knowingly or intentionally:

(1) places the dependent in a situation that may endanger his life or health ...

commits neglect of a dependent, a Class D felony.

IND.CODE § 35-46-1-4(a)(1) (emphasis added). A "dependent" for purposes of this statute means either "(1) an unemancipated person who is under eighteen (18) years of age; or (2) a person of any age who is mentally or physically disabled." IND. CODE § 35-46-1-1.

Thus, to prove that Kellogg had the care of a dependent, the State was required to show that Kellogg had either assumed the care of an unemancipated person under 18 or had that person in his care pursuant to a legal obligation. Proof that the defendant is the parent or legal guardian of the dependent establishes care "because of a legal obligation." However, the statutory language also makes it clear that assuming care of a dependent voluntarily, even if that dependent is not the defendant's child, is sufficient to prove care of a dependent under Indiana Code § 35-46-1-4.[1]

The evidence in this case showed that as Reserve Deputy Robert L. Jeffers of the Hancock County Sheriff's Department followed Kellogg's vehicle, he observed a small child moving around in the back of the vehicle. Deputy Jeffers later noticed that the child weighed approximately 50 to 75 pounds and that her size and appearance were consistent with that of a child four years of age. Record at 249-50. Thus, the fact that a four-year-old child was present in Kellogg's vehicle, as it sped down the highway, supported the reasonable inference that Kellogg had the child in his care. We conclude that the evidence established Kellogg's care of a dependent under· Indiana Code § 35-46-1-4(a)(1).

### Issue Two: Knowing Endangerment

■ Kellogg next contends that the State failed to prove he knowingly endangered a dependent when he operated a motor vehicle while intoxicated and while his daughter was a passenger in the vehicle. Based on our decision in *Fout v. State* (1993), Ind.App., 619 N.E.2d 311, Kellogg maintains that the State must demonstrate he was subjectively aware he placed a dependent in a dangerous situation. *See Fout,* 619 N.E.2d at 313. According to Kellogg, the State did not present any direct evidence in which he admitted that he "knew he was impaired but chose to drive anyway" and, thus, the State failed to carry its burden. We do not agree.

When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Jenkins v. State* (1993), Ind., 627 N.E.2d 789, 799. We consider only that evidence which supports the verdict and reasonable inferences which may be drawn from that evidence. *Id.* On appeal, even where the evidence is entirely circumstantial, the evidence need not

---

1. We agree with the reasoning of the trial court in overruling Kellogg's objection at trial: "I believe that interpreting the Neglect of a Dependent statute ... it's irrelevant whether its his kid or the neighbor's kid. If he has an unemancipated person under eighteen (18) years of age in his car when he has assumed responsibility for that child and he is driving that child some place, it doesn't matter if it's my child or his child." Record at 245.

exclude every reasonable hypothesis of innocence. *Beadin v. State* (1989), Ind., 533 N.E.2d 144, 146. Rather, a jury verdict will not be disturbed if there is substantial evidence of probative value to support the verdict. *See Jenkins,* 627 N.E.2d at 799.

Deputy Jeffers testified that at approximately 6:55 p.m. on July 4, 1992, he observed Kellogg's vehicle travelling at a high rate of speed on U.S. 52 in Hancock County. He stated that as he followed behind Kellogg's vehicle, he observed Kellogg driving erratically and with "jerking" or sudden movements. Record at 208–09. Deputy Jeffers observed Kellogg's vehicle swerve off on the right side of the roadway and "in and out of traffic" over the center line. *See* Record at 208. He also noticed a small child moving about in the vehicle who appeared to be unrestrained by a safety belt or car seat. By following Kellogg, Deputy Jeffers gauged Kellogg's speed at approximately 76 miles per hour. When Deputy Jeffers activated his emergency red lights in order to stop Kellogg, Kellogg "pulled erratically off the roadway" and down into the steep incline of a ditch. Record at 214.

Deputy Jeffers further testified that he noticed a strong odor of alcohol on Kellogg's breath when he requested Kellogg's driver's license and vehicle registration. Kellogg admitted to Deputy Jeffers that he had consumed four or five beers that day. After Deputy Jeffers asked Kellogg to step outside his vehicle, Kellogg staggered and had difficulty maintaining his balance. Kellogg failed several field sobriety tests, and his blood alcohol content later registered at .18% by weight.

■ We conclude that the evidence was sufficient to show Kellogg was subjectively aware that he was placing his daughter in a dangerous situation. A defendant "knowingly" engages in conduct when "he is aware of a high probability that he is doing so." IND. CODE § 35–41–2–2. The term "knowingly" as used in criminal statutes imports that the accused person knew what he was doing and, possessing such knowledge, proceeded to commit the crime of which he is charged.

*See Clark v. State* (1980), Ind.App., 400 N.E.2d 172, 174.

Further, for the offense of neglect of a dependent, proof of subjective awareness that a child was placed in a dangerous situation requires resort to inferential reasoning to ascertain the defendant's mental state. *Hill v. State* (1989), Ind.App., 535 N.E.2d 153, 154. We must look to all of the surrounding circumstances. *Id.* In those cases where we have found that the defendant possessed the requisite subjective awareness, the circumstances demonstrated that the defendant had actual knowledge that a dangerous situation existed for the dependent. *See White v. State* (1989), Ind., 547 N.E.2d 831, 836 (defendant's knowing exposure of dependent to environment of illegal drug use posed danger to dependent); *Sample v. State* (1992), Ind.App., 601 N.E.2d 457, 459 (defendant had actual knowledge of "bump" on child's head which was later discovered as skull fracture; jury could infer that defendant was aware she placed child in danger by failing to obtain prompt medical treatment); *Fout v. State* (1991), Ind.App., 575 N.E.2d 340, 342 (defendant was specifically informed of two conditions of child which required immediate medical attention); *Hill,* 535 N.E.2d at 155 (defendant aware of child's symptoms from which average layperson would have detected serious problem).

Kellogg's reliance on *Fout v. State* (1993), Ind.App., 619 N.E.2d 311, is misplaced because in *Fout,* the evidence did not show that the defendant/mother knew her newborn daughter had a bacterial infection and was in peril. *Id.* at 313. While there was evidence that the defendant knew that her baby was at risk during the pregnancy, the defendant did not know that her daughter's signs of illness following birth indicated a serious problem. *Id.* Here, Kellogg admitted to Deputy Jeffers when he was stopped that he had consumed alcoholic beverages that day. In fact, Kellogg was acutely aware of the amount of alcohol he had consumed that day because he told Deputy Jeffers that he had drank four or five beers. When questioned concerning the occupants of his vehicle, Kellogg's responses indicated that he knew his

daughter was in his vehicle.[2] Because of Kellogg's actual knowledge that he had consumed a substantial quantity of alcohol and actual knowledge that his child was a passenger in his vehicle, the jury could have reasonably inferred that Kellogg had actual knowledge that a dangerous situation existed. Accordingly, the jury could have drawn the reasonable inference that Kellogg was subjectively aware of the danger that operating a vehicle while intoxicated posed to his daughter and that he appreciated the peril in which he placed her.[3] Thus, we conclude that the evidence was sufficient to establish that Kellogg knowingly endangered the life or health of a dependent.

### Issue Three: Double Jeopardy

■ Kellogg's last allegation of error is that his convictions and sentences for Operating a Vehicle While Intoxicated and Neglect of a Dependent violate double jeopardy. Kellogg asserts that his convictions for both offenses cannot stand because they rest upon his single act of operating while intoxicated. We agree.

■ Indiana courts follow a two-step analysis when considering double jeopardy claims. We first apply the classic formulation of the test for double jeopardy known as the "same-elements" test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 186, 76 L.Ed. 306, 309; *see Jackson v. State* (1993), Ind., 625 N.E.2d 1219, 1221. If each offense does not require proof of a different fact or element, the offenses are the "same

offense" under *Blockburger*, and double jeopardy bars additional punishment and successive prosecution for each. *United States v. Dixon* (1993), —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568.

■ Our supreme court has held that double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions pursuant to the *Blockburger* same-elements test. *See Derado v. State* (1993), Ind., 622 N.E.2d 181, 183. Rather, we must also look to the manner in which the offenses are charged to determine whether the charge for each offense is predicated upon the same conduct or a single act. *Id.; Jackson,* 625 N.E.2d at 1222. If the same act constitutes two separate crimes, double jeopardy principles prevent two separate convictions. *Shipley v. State* (1993), Ind.App., 620 N.E.2d 710, 717.

Here, as in *Derado,* we conclude that the offenses charged pass the same-elements test because each offense requires proof of at least one element the other does not. *See Derado,* 622 N.E.2d at 184. Operating a Vehicle While Intoxicated requires (1) the operation of a vehicle and (2) by an operator who is intoxicated. *See* IND.CODE § 9–30–5–2. Neglect of a Dependent, on the other hand, requires (1) a person has the care of a dependent whether assumed voluntarily or because of legal obligation and (2) that person knowingly or intentionally places the dependent in a situation that may endanger the dependent's life or health. *See* IND.CODE § 35–46–1–4(a)(1). The element requiring that the defendant be responsible for the care of a dependent is an element not common to both offenses. Thus, Kellogg's convictions for both offenses do not violate dou-

---

**2.** The evidence also demonstrated that Kellogg was driving at a speed 20 miles per hour over the speed limit and that Kellogg's daughter was not restrained while in the vehicle. There was no evidence which showed that Kellogg was subjectively aware of these circumstances. However, when considered with the facts of which Kellogg was actually aware, Kellogg's speeding and his failure to restrain his child established that the danger to Kellogg's child was actual and appreciable. *See Sample,* 601 N.E.2d at 460 (actual and appreciable danger is required although does not mean an actual injury to the dependent).

**3.** Further, Kellogg's intoxication, while nearly twice the legal limit for operating a motor vehicle, was not so severe that he was rendered incapable of forming the requisite criminal intent. *See Street v. State* (1991), Ind., 567 N.E.2d 102, 104. Mens rea may be shown by the defendant's ability to devise a plan, *operate equipment,* instruct the behavior of others or *carry out acts requiring physical skill. See Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1089 (emphases added).

ble jeopardy under the *Blockburger* same-elements test.

 However, an examination of the information in this case reveals that the State relied on the same conduct or a single act by Kellogg, namely his operation of a motor vehicle while intoxicated, to support the charges for both Operating a Vehicle While Intoxicated and Neglect of a Dependent. Count III of the Information stated in pertinent part:

> MICHAEL G. KELLOGG on or about the 4th day of July, 1992, ... did then knowingly or intentionally having the care of a dependent, to-wit: Heather Kellogg, 4 years old, whether assumed voluntarily or because of a legal obligation placed said dependent in a situation that may endanger her life or health, to-wit: *operate a vehicle while intoxicated* or with .10% blood alcohol content with Heather Kellogg as a passenger....

Record at 12 (emphasis added). Count III shows that in order to prove the necessary element of Neglect of a Dependant that Kellogg endangered a dependent's life or health, the State relied upon Kellogg's same conduct or single act of operating a motor vehicle while intoxicated.

Our courts have previously vacated a conviction for neglect of a dependent on double jeopardy grounds where the state relied upon the same act by the defendant to support both the neglect conviction and a conviction for another offense. *See Strong v. State* (1989), Ind., 538 N.E.2d 924, 929 (convictions for neglect causing serious bodily injury and murder where both offenses arose from same acts); *Hall v. State* (1986), Ind., 493 N.E.2d 433, 436 (neglect and reckless homicide convictions where both charges based upon parents' failure to provide medical treatment during five-day illness); *Shipley*, 620 N.E.2d at 718 (neglect and murder convictions where pattern of neglect was means by which mur-

der was committed). These decisions are distinguishable from those in which the acts of neglect are independent from the acts giving rise to a conviction for the other offense. *See, e.g., Bean v. State* (1984), Ind., 460 N.E.2d 936, 943 (no double jeopardy violation for neglect and involuntary manslaughter convictions where acts producing child's death were separate and independent from acts of neglect occurring during preceding three year period); *Gasaway v. State* (1989), Ind.App., 547 N.E.2d 898, 903, *trans. denied* (no double jeopardy where injuries supporting neglect conviction were over a week old and multiple injuries supporting murder conviction occurred during last 48 hours of dependent's life).

Here, *as charged*, there is no question that Kellogg's single act of driving while intoxicated, and thus his same conduct, supported both his Operating a Vehicle While Intoxicated and Neglect of a Dependent convictions. Kellogg's convictions for both offenses were not predicated upon separate and independent acts at different times but arose from a single incident of drunk driving. In other words, as charged in this case, operating a vehicle while intoxicated is a "factually included offense" of neglect of a dependent because Kellogg's commission of operating a vehicle while intoxicated was the very means by which he committed neglect of a dependent. *See Jones v. State* (1982), Ind., 438 N.E.2d 972, 974–75 (from factual allegations of Information, offense may be lesser included offense if it is committed by reason of the manner in which greater offense is committed); *Bigler v. State* (1992), Ind.App., 602 N.E.2d 509, 521, *trans. denied* (factually included offense occurs when by manner in which an offense is charged, a lesser offense is also charged).[4] When the State proved that Kellogg committed neglect of a depen-

---

4. We cannot agree with the dissent that our holding in *Bigler* applies here. In *Bigler*, the State charged the defendant with knowingly or intentionally manufacturing a schedule II controlled substance and with possession of a schedule II controlled substance with the intent to deliver. *See Bigler*, 602 N.E.2d at 521. However, the State did not allege in the charge for manufacturing a controlled substance that the defendant manufactured with the intent to deliver. *Id.* We held that the "[f]ailure to include the specific intent element [in the charge for manufacturing] is fatal to the argument that possession with the intent to deliver is factually included." *Id.* Here, the State expressly charged Kellogg with operating a vehicle while intoxicated, including all of the elements, in its charge for neglect of a dependent. Thus, while we agree with the result reached in *Bigler*, that decision is distinguishable and does not control the outcome of this case.

dent, it necessarily proved Kellogg's guilt for operating a vehicle while intoxicated. Thus, we conclude that Kellogg's Neglect of a Dependent and Operating While Intoxicated convictions and sentences violate the prohibition against double jeopardy.

## CONCLUSION

We hold that the evidence was sufficient to sustain Kellogg's conviction for Neglect of a Dependent. However, his convictions and sentences for both Operating a Vehicle While Intoxicated and Neglect of a Dependent violate double jeopardy and, thus, cannot stand. Kellogg's conviction on Count II, Operating a Vehicle While Intoxicated, a Class A misdemeanor, is vacated. This cause is remanded for resentencing on Count I, Neglect of a Dependent, a Class D felony.

Affirmed in part, reversed in part, and remanded with instructions.

HOFFMAN, J., concurs.

ROBERTSON, J., concurs in part and dissents in part with opinion.

ROBERTSON, Judge, concurring in part and dissenting in part.

I concur in the majority opinion as to the first two issues. I respectfully dissent to the issue relating to the question of double jeopardy.

My dissent is based upon the reasoning and authorities cited in that portion of *Bigler v. State* (1992), Ind.App., 602 N.E.2d at 520 (trans. denied) which says that the legislature can authorize separate punishment for two crimes even though they arise out of the same occurrence and are based upon substantially similar evidence. Under the facts of this case, I believe that the appellant should be sentenced separately for both the driving under the influence and neglect of a dependent.