STATE of Indiana, Appellant–Plaintiff,

v.

Stephen R. HURST, Appellee–Defendant.

No. 43A03–9606–CR–221.

Court of Appeals of Indiana.

Dec. 31, 1996.

Rehearing Denied March 5, 1997.

Transfer Granted May 7, 1997.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Kurt Bentley Grimm, Grimm & Grimm, P.C., Auburn, for Appellee–Defendant.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff the State of Indiana appeals the trial court's grant of appellee-defendant Stephen R. Hurst's motion to dismiss. The facts relevant to the appeal are as follows.

On October 5, 1994, Stephen R. Hurst was traveling northbound on County Road 300 West and, upon approaching the intersection of County Road 600 North, had a stop sign. John R. Willard was traveling westbound on County Road 600 North and, upon approaching the intersection of County Road 300 West, had no stop sign or yield sign. As Hurst approached the intersection of County Road 600 North, he failed to yield the right-of-way to Willard, entered the intersection, and struck the left side of Willard's Pontiac Sunbird with the front of his Ford pickup truck. As a result of the accident, Willard died.

On October, 21, 1994, Hurst was ticketed for failure to yield the right-of-way,[1] a Class C infraction. The trial court ordered Hurst to pay a $7.00 fine plus court costs. On December 20, 1994, Hurst was charged by

---

1. *See* IND. CODE § 9–21–8–29 (1993 Ed.).

information with reckless homicide,[2] a Class C felony.

On March 22, 1995, Hurst filed his motion to dismiss alleging that the State was barred by double jeopardy principles from prosecuting him for reckless homicide, because he was previously prosecuted and fined for failure to yield the right-of-way. The trial court held a hearing on Hurst's motion to dismiss and on March 20, 1996, granted the motion.

On appeal, the sole issue raised by the State is whether convictions for both failure to yield the right-of-way and reckless homicide constitute double jeopardy.

The gravamen of the State's argument is that the trial court erred in granting Hurst's motion to dismiss. The State specifically argues that Hurst can be convicted of both failure to yield the right-of-way and reckless homicide, because the offenses are not the same for purposes of double jeopardy, and the fine imposed upon Hurst for failure to yield the right-of-way was remedial, as opposed to punitive, in nature. Hurst counters the State's argument by asserting that convictions for both offenses violate double jeopardy principles, because failure to yield the right-of-way is a lesser-included offense of reckless homicide.[3]

■ A defendant's right not to be put twice in jeopardy for the same offense arises from the Constitution of the United States and the Indiana Constitution.[4] The concept of double jeopardy embraces prohibitions against successive prosecution and multiple punishment for the same offense. *Mehidal v. State*, 623 N.E.2d 428, 434 (Ind.Ct.App. 1993). In other words, double jeopardy prohibits reprosecution for the same offense after an acquittal, reprosecution for the same offense after a conviction, and multiple punishment for the same offense. *Dawson v. State*, 612 N.E.2d 580, 583–84 (Ind.Ct.App. 1993).

■ The State also violates double jeopardy protection when it punishes a defendant for a greater offense and a lesser included offense. *Collins v. State*, 659 N.E.2d 509 (Ind.1995). That is, if the lesser-included offense requires no proof beyond that required for the greater offense, the two are the same offense for purposes of the Double Jeopardy Clause. *Id.*

Generally, double jeopardy is applicable only to criminal matters and is not applied in civil proceedings. *Bryant v. State*, 660 N.E.2d 290, 295 (Ind.1995). Departing from this historical rule, however, the United States Supreme Court has held in recent years that particular civil actions, such as fines and forfeitures, can be jeopardies. *Montana Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, 777, 114 S.Ct. 1937, 1944–45, 128 L.Ed.2d 767 (1994); *United States v. Halper*, 490 U.S. 435, 448, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989).

■ In determining whether a jeopardy has occurred, the test is whether the civil sanction constitutes punishment. *Kurth Ranch*, 511 U.S. at 778–79, 114 S.Ct. at 1945. When the sanction serves the goal of punishment rather than a remedial purpose, it is punishment and, thus, a jeopardy within the Double Jeopardy Clause. *Id.*

It is well settled in Indiana that traffic infractions are civil, as opposed to criminal, proceedings in nature. *Pridemore v. State*, 577 N.E.2d 237, 238 (Ind.Ct.App.1991). Nevertheless, this Court has held that although civil in nature, a monetary judgment entered upon a finding of a violation of an infraction is the functional equivalent of a penal fine, the judgment serving to induce compliance with the statute. *See Horne v. State*, 572 N.E.2d 1333, 1336 (Ind.Ct.App.1991), *trans. denied* ($400.00 fine imposed against defendant for failure to yield to an emergency vehicle was a penal fine serving to induce compliance with the statute).

---

2. *See* IND. CODE § 35–42–1–5 (1993 Ed.).

3. Hurst also raises the argument that he is entitled to discharge under Ind.Crim. Rule 4(C). However, we decline to address this issue because the double jeopardy issue is dispositive.

4. "No person shall be put in jeopardy twice for the same offense." Ind. Const., Art. 1, § 14. The Fifth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, provides, "nor shall any person be subject for the same offense to be twice put in jeopardy."

■ Here, Hurst was found in violation of failure to yield the right-of-way, a Class C infraction. The trial court imposed a $7.00 fine for the violation and ordered Hurst to pay court costs. The fine imposed upon Hurst for failure to yield the right-of-way amounted to a criminal penalty. In essence, the fine qualified as a "punishment" in the plain meaning of the word and, thus, a jeopardy.

Having concluded that the fine imposed for Hurst's failure to yield the right-of-way was a jeopardy, we must now determine whether the State's attempt to prosecute Hurst for reckless homicide violates the double jeopardy prohibition against a second prosecution for the same offense after conviction.

In determining whether two or more offenses constitute the same offense, we apply the test first established by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not." *Id.* at 304, 52 S.Ct. at 182.

Failure to yield the right-of-way is defined by IND. CODE § 9–21–8–29 (1993 Ed.) as:

> Except when approaching through highways and areas in which signs are posted giving other instructions, when two (2) vehicles approach or enter an intersection from different highways at approximately the same time, the person who drives the vehicle to the left shall yield the right-of-way to the vehicle on the right.

The offense of reckless homicide, as defined under IND. CODE § 35–42–1–5 (1993 Ed.), provides that: "A person who recklessly kills another human being commits reckless homicide, a Class C felony."

A comparison of the statutes shows that reckless homicide requires proof that the perpetrator recklessly killed another person. Failure to yield the right-of-way requires proof that the person driving the vehicle to the left failed to yield the right-of-way to the vehicle on the right. Thus, each statutory provision requires proof of an additional fact; failure to yield the right-of-way and reckless homicide are separate offenses under the same elements test and are not the same for double jeopardy purposes.

■ Our supreme court has held, however, that double jeopardy analysis does not end with a comparison of the relevant statutory elements. *See Derado v. State,* 622 N.E.2d 181, 183 (Ind.1993). Rather, we must also look to the manner in which the offenses are charged to determine whether the charge for each offense is predicated upon the same conduct or a single act. *Kellogg v. State,* 636 N.E.2d 1262, 1266 (Ind.Ct.App.1994). If the same act constitutes two separate crimes, double jeopardy principles prevent two separate convictions. *Id.*

■ Here, the reckless homicide information reads as follows: "[O]n or about October 5, 1994, STEPHEN R. HURST did recklessly kill another human being, namely John R. Willard, Sr. . . ." IND. CODE § 35–41–2–2(c) (1993 Ed.) states: "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."

After the accident occurred, Hurst received a ticket for failure to yield the right-of-way and was fined by the court $7.00 plus court costs. Approximately one month later, the State charged Hurst with reckless homicide. An examination of the information and the evidence contained in the record reveals that, in prosecuting Hurst for reckless homicide, the State would have relied upon a single act by Hurst, namely his failure to yield the right-of-way, to support the reckless homicide charge. Hurst had already been ticketed and fined for his failure to yield the right-of-way.

We agree with the trial court that Hurst's charges for failure to yield the right-of way and reckless homicide constituted double jeopardy. Because proof of the offense of reckless homicide would have been premised upon Hurst's failure to yield the right-of-way, the two offenses were the same for double jeopardy purposes. The trial court commit-

ted no error in dismissing Hurst's charge for reckless homicide.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.