**James Rufus HOLLINESS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 985 S 386.

Supreme Court of Indiana.

June 25, 1986.

Susan K. Carpenter, Public Defender, Linda Rodriguez-Torrent, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Rufus Holliness was convicted at the conclusion of a jury trial in the Allen Superior Court of rape, a class A felony; robbery, a class B felony; and of being an habitual offender. He was sentenced to forty (40) years for rape, enhanced by thirty (30) years for being found an habitual offender, and ten (10) years for robbery, to be served concurrently. This Court affirmed his conviction on direct appeal. *Holliness v. State* (1984), Ind., 467 N.E.2d 4. Appellant filed a petition for post-conviction relief which was denied. He now appeals that denial, and raises the following issues:

1. whether the trial court erred in summarily denying Appellant's position; and

2. whether the denial of the petition without hearing denied Appellant his right to counsel and his right to amend his petition.

I

Appellant alleges the trial court erred in summarily denying his petition for post-conviction relief. Ind.R.P.C. 1, § 4(e) states:

"If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

Despite Appellant's reliance on the language of § 4(f), the present case is not governed by that rule; § 4(f) controls only upon "motion by either party for summary disposition of the petition." Here, the trial court summarily denied the petition *sua sponte.*

In a post-conviction proceeding, the burden rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. The trial court's decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295; Ind.R.P.C. 1, § 5. We further note that the function of our post-conviction review is a special remedy whereby

a party can present error which for various reasons was not available or known at the time of the trial or on direct appeal. *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 203. Post-conviction action is not a substitute for direct appeal, and any issue which was or could have been addressed at trial or on direct appeal is not the proper subject of a post-conviction action. *Music v. State* (1986), Ind., 489 N.E.2d 949, 950. The pleadings in the present case conclusively revealed that each of Appellant's allegations were available or known to him at trial or on appeal, thus the trial court properly denied the petition without hearing.

■ The present petition alleged the following as grounds for relief; 1) arrest without cause, warrant, or proper advisement of rights; 2) ineffective assistance of counsel; 3) reduction of the jury panel to eleven people; 4) denial of a speedy trial; 5) sufficiency of the evidence; and 6) pending criminal investigation of trial counsel. Each of these allegations was known and available to Appellant at trial and on direct appeal. In fact, the issues pertaining to the eleven member jury and the sufficiency of evidence were disposed of on direct appeal to this court. Therefore, all of Appellant's allegations were clearly improper subject matter for the present petition.

■ Appellant argues that, liberally construed, his allegation of ineffective counsel can be read as pertaining to both trial and appellate counsel. We disagree. Appellant's allegation read:

"8(b) Ineffective assistance of counsel. The verdict of the jury is not supported by sufficient evidence and is therefore contrary to law."

Reading this allegation, it is not clear that it was directed to appellate counsel. Appellant argues that since his sufficiency argument was dismissed on appeal due to lack of cogent argument, the allegation must be read *ipso facto* to pertain to appellate counsel. While it is true that we mentioned in our opinion the lack of cogent argument, we proceeded to address the issue on its merits, set forth the evidence supporting the verdict, and found it to be

sufficient. That Appellant's argument was without merit is dispositive of why there was no cogent argument in support. Since we have already determined that there was no merit to a sufficiency argument, Appellant should not be heard to complain about appellate counsel inadequately raising such. Any error would be harmless. This is Appellant's only argument in support of his contention that his allegation was directed to appellate counsel.

■ Appellant also maintains that because the State's answer denied the allegations of the petition and raised certain affirmative defenses, factual issues were automatically created which precluded the court from summarily disposing of the petition. There is no merit to the argument that the State, simply by answering the allegations with general denials, as they are required to do, precludes the trial court from summarily denying the petition. To so hold would strip Ind.R.P.C. 1 § 4(e) of any effectiveness intended by its framers. Where, as here, the trial court can look at the pleadings and make a conclusive determination that there is no entitlement to relief, it must be allowed to summarily deny the petition. Ind.R.P.C. 1 § 4(e). *See also Mosley v. State* (1985), Ind., 477 N.E.2d 867, 869.

## II

Appellant also alleges the denial of his petition without hearing denied him his right to counsel and his right to amend his petition. The present petition was filed on January 9, 1985, and the public defender entered an appearance on January 25. Sixty-one days later, on March 27, the trial court entered its judgment.

■ Appellant relies heavily on *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, and *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694, for the proposition that the court denied him his right to "meaningful" counsel by denying his petition "only" two months after counsel entered an appearance. These cases do not stand for such a proposition, and are distinguished from the present case. *Ferrier* and *Sand-*

*ers* both held that a defendant is denied his right to counsel where the trial court failed to refer a petition to the Public Defender's office. *Sanders*, 273 Ind. at 32, 401 N.E.2d at 696. In the present case, counsel entered an appearance and represented Appellant for sixty-one days before a judgment was rendered. We fail to see how the trial court's actions denied Appellant his right to counsel or to amend his petition.

The trial court is affirmed.

GIVAN, C.J., and DICKSON, J., concur.

DeBRULER, J., dissents with opinion in which SHEPARD, J., concurs.

DeBRULER, Justice, dissenting.

Sections 2, 3, and 4 of Rule PC 1, provide respectively for the automatic referral of *pro se* petitions to the Public Defender, incorporation in the petition of a statement of fact under oath that all grounds for relief known to petitioner have been included, and the grant of leave to amend the petition at least once as a matter of right. The purpose of these provisions is to afford at least one post-conviction petition to prisoners having claims and to make that one as fully developed and complete as is reasonably and humanly possible. Success in achieving this purpose is the best way of rendering subsequent petitions unnecessary. Summary dismissal of a first *pro se* petition before amendment by the Public Defender quite to the contrary frustrates this important goal. Furthermore, I do not consider a delay of sixty-one days by the Public Defender in cases like this to be at all unreasonable, since in order to draft an amended petition, that office must arrange an interview with the prisoner, make investigation of the record, and complete the legal work. I would therefore reverse this judgment holding that dismissal after the Public Defender has made an appearance on behalf of the *pro se* petitioner and before an amended petition has been filed can be made only after an order to show cause

why the petition should not be dismissed pursuant to Trial Rule 41(E).

SHEPARD, J., concur.