Joseph Wayne **DERADO**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 82S01–9310–CR–1193.

Supreme Court of Indiana.

Oct. 29, 1993.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Joseph Wayne Derado was convicted on five counts of Dealing in Cocaine, a class A felony, *Ind. Code* § 35–48–4–1, for which he was sentenced to concurrent terms of thirty years each. Derado was also convicted of one count of Conspiracy to Deal in Cocaine, a class A felony, *Ind. Code* §§ 35–48–4–1 and 35–41–5–2, for which he was sentenced to a thirty-year term to be served consecutively to the sentences for dealing in cocaine. The convictions and sentences were affirmed by the Court of Appeals in a memorandum decision. *Derado v. State* (1992), 594 N.E.2d 847. In seeking transfer, Derado argues that the convictions for both dealing and conspiracy violated his double jeopardy rights because the overt acts alleged in furtherance of the conspiracy were the same acts of delivery upon which the convictions for dealing were based. We decide this issue in Derado's favor and, therefore, reverse the conviction for conspiracy.

Counts I through V of the information alleged that on five dates between April 10 and May 24, 1989, Derado and Steve Barnett knowingly delivered cocaine in an aggregate amount in excess of three grams to various confidential informants and law enforcement officers. The conspiracy count alleged that from June 24, 1988, until June 14, 1989, Derado and Barnett agreed to commit the felony of dealing in cocaine. The overt acts alleged in furtherance of the conspiracy were Barnett's delivery of the cocaine on the same five dates as alleged in counts I through V. Jury instructions mirrored the allegations in the information. The evidence at trial revealed that Derado's liability on counts I through V was premised on his status as an accomplice because he did not actually deliver any of the cocaine to the informants and law enforcement officers. In fact, he was not present at any of these transactions. Derado's activities relative to the conspiracy count were the same activities upon which the State relied to prove his status as an accomplice on the dealing counts.

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject to the same offense or be twice put in jeopardy of life or limb." *Elmore v. State* (1978), 269 Ind. 532, 533, 382 N.E.2d 893, 894. The clause embodies a rule prohibiting multiple punishment for the same offense. *Elmore*, 269 Ind. at 534, 382 N.E.2d at 894. In addressing whether a claim of double jeopardy is valid, we focus on:

> whether the offenses spring from the same act or operative circumstances. The inquiry into whether the offenses stem from the same act is merely the first step in the analysis. If the offenses are premised upon different acts, the problem is not so great. But where they do arise from the same act, we must proceed to determine whether the offenses charged are themselves the same, for the Double Jeopardy Clause was written in terms of the "same offense" not the same act. In other words, the fact that the offenses stem from the same act merely inform us that there is a potential problem; it is not a solution to

the problem. The ultimate focus is on the identity of their source. *Elmore*, 269 Ind. at 539, 382 N.E.2d at 897.

■ In *Elmore*, this Court applied the test set out in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309. In *Blockburger*, the United States Supreme Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* Stated another way, double jeopardy prohibitions are not necessarily violated where the same act or transaction is used to prove separate offenses, so long as each offense requires proof of an additional fact that the other does not. *Linder v. State* (1985), Ind., 485 N.E.2d 73, 77; *Elmore*, 269 Ind. at 535, 382 N.E.2d at 895.

■ However, a double jeopardy analysis does not necessarily end with an evaluation and comparison of the statutory provisions alone; one must look to the manner in which the offenses are charged. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 588. In *Tawney*, the defendant was convicted of robbery and battery in connection with the same incident during which he stabbed the victim repeatedly and then took the victim's wallet. In response to the defendant's challenge that the two convictions violated his double jeopardy rights, this Court examined the charges and found that the stabbing alleged in the battery charge was the same conduct used in the robbery charge to support the allegation that defendant took the money by using force. *Id.* at 588. In other words, "the battery was not merely an offense that occurred in the same criminal episode, it was a necessary element of the robbery *as charged.*" *Id.* Therefore, the convictions for both battery and robbery violated the defendant's double jeopardy rights.

In *Hall v. State* (1986), Ind., 493 N.E.2d 433, this Court also looked beyond the statutes to the factual allegations in the charging document to resolve the issue of whether defendants' double jeopardy rights were violated. In *Hall*, defendants were convicted of reckless homicide and neglect of a dependent after their child died as a result of their failure to obtain medical care for the child. The substantive conduct—the refusal to provide medical care—was the same in each count of the charging document. In comparing the reckless homicide and neglect statutes with the allegations in the charging document, this Court noted that in order to win a conviction on either count, the State had only to prove the same pattern of neglect; no additional facts were necessary to prove the perpetration of either of the offenses. Noting that "in essence, the pattern of neglect was the means by which the reckless homicide was committed," *Id.* at 436, this Court concluded that because the defendants' pattern of neglect was the factual basis for both the neglect and the reckless homicide convictions, allowing both convictions to stand would be punishing the defendants twice for the same acts in violation of their double jeopardy rights.

Similarly, in *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506, the defendant argued that imposition of separate sentences for robbery and confinement violated his right to be free of double jeopardy. In examining the language of the charging instrument, this Court observed "that the factual basis underlying the criminal confinement charge was the same conduct alleged by the State to establish the 'by force' element necessary to support its charge of robbery, in other words, that the confinement was the force by which appellant effected the robbery." *Id.* Because the acts alleged by the State to substantiate a necessary element of the robbery charge, i.e., the force that was used to effectuate the taking, were "precisely coextensive" with the acts alleged as constituting a violation of the criminal confinement statute, the double jeopardy clause precluded conviction on both charges. *Id.* at 508.

■ An examination of the statutes defining dealing in cocaine and conspiracy to deal in cocaine reveals the theoretical possi-

bility that one could be convicted of both charges without violating the prohibition against double jeopardy because each offense requires proof of an element the other does not. Conspiracy requires an agreement by two or more people to deal in cocaine and an overt act in furtherance of the agreement, but does not require that any cocaine ever be delivered. On the other hand, a conviction for dealing in cocaine requires an actual delivery.

Here, however, the State chose to allege the commission of the underlying felony, dealing in cocaine, as the requisite overt act in furtherance of the conspiracy. Thus, the jury was instructed that in order to sustain its burden of proof on the conspiracy charge, the State must prove the agreement between Derado and Barnett along with the delivery of cocaine on the five dates alleged. With respect to the dealing charge, the State had only to prove the same five deliveries. The State was required to prove no facts to obtain the conviction for dealing in cocaine in addition to those facts that it was required to prove to obtain the conviction for conspiracy. Thus, dealing in cocaine was not merely an offense that occurred in the same criminal episode as the conspiracy, it was a necessary element of the conspiracy *as charged.* The acts of delivery to substantiate the delivery charges were "precisely coextensive" with the overt acts alleged in support of the conspiracy charge. The language of the instruction makes it evident that the factual basis underlying the conspiracy charge was the same conduct alleged by the State to establish the delivery charges. As a result, Derado was placed in double jeopardy.

■ Today's decision does not necessarily affect the body of case law from this Court which makes it clear that a defendant may be convicted of both conspiracy to commit a felony and commission of the underlying felony. *See e.g. Witte v. State* (1990), Ind., 550 N.E.2d 68, 71 (murder and conspiracy to commit murder); *Whittle v. State* (1989), Ind., 542 N.E.2d 981, 991 (murder and conspiracy to commit murder); *Sparks v. State* (1989), Ind., 537 N.E.2d

1179, 1184 (burglary and conspiracy to commit burglary); *Chinn v. State* (1987), Ind., 511 N.E.2d 1000, 1003 (murder and conspiracy to commit murder); *Hossman v. State* (1985), Ind.App., 482 N.E.2d 1150, 1153 (burglary and conspiracy to commit burglary); *see also United States v. Felix,* —— U.S. ——, ——, 112 S.Ct. 1377, 1384, 118 L.Ed.2d 25 (1992) (various substantive drug offenses and conspiracy to illegally manufacture drugs). Rather, the holding of this case is limited to those instances where the charging document and the jury instructions rely on the same facts to prove both accomplice liability for the commission of the underlying crime as well as the overt act committed in furtherance of the conspiracy.

Accordingly, Derado's conviction for conspiracy must be reversed because it violates his double jeopardy rights.

### *Unreasonable Sentence*

Derado also asserts that his aggregate sixty-year sentence was manifestly unreasonable and requests that the conspiracy sentence be ordered served concurrently with the sentences for dealing. Because we reverse his conviction for conspiracy, this issue is rendered moot.

### *Conclusion*

Accordingly, we now grant transfer, vacate the memorandum decision of the Court of Appeals, and remand this matter to the trial court with instructions to vacate the conviction and sentence upon the conspiracy charge. This cause is remanded for resentencing as though before the trial court for the first time. In all other aspects, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Judge, dissenting.

I respectfully dissent from the majority opinion in this case. I believe the majority

is in error in stating that the facts necessary to convict for Dealing in Cocaine were exactly the same facts required to prove the Conspiracy to Deal in Cocaine.

In the unpublished opinion written by Chief Judge Ratliff in the Court of Appeals, he correctly states the record when he says:

"The information charging Derado with conspiracy describes the agreements to deliver cocaine and acts in furtherance thereof with greater detail and emphasis on the agreements than the information in which the dealing counts were delineated." Record at 18–19 and 64–68.

He further correctly points out that the act of dealing in cocaine encompasses the actual performance of the acts specified in the statute and does not include proof of an agreement with another person to commit the forbidden acts. I believe the record in this case clearly discloses that the State proved the separate acts constituting a conspiracy to deal and also established the culmination of that conspiracy in the actual dealing.

I believe this case falls within the long line of cases cited by the majority opinion where it has repeatedly been stated that conspiracy to commit any type of felony and the commission of that felony can be separately prosecuted and a conviction obtained for both.

I would deny transfer in this case.