Steven J. SHARP, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 34A02–9612–PC–803.

Court of Appeals of Indiana.

Aug. 22, 1997.

Transfer Denied Oct. 29, 1997.

Susan K. Carpenter, Public Defender, Janice L. Stevens, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

ROBERTSON, Judge.

Steven J. Sharp appeals the denial of his petition for post-conviction relief from his convictions, entered after a trial by jury, of the conspiracy to sell cocaine and the conspiracy to maintain a common nuisance. Sharp raises four issues, which we restate and consolidate into three, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to the post-conviction court's judgment reveal that Sharp was convicted of five felony drug dealing charges and one charge of maintaining a common nuisance for crimes committed in late 1985 and early 1986. He was sentenced to an aggregate term of thirty years imprisonment and his convictions were affirmed in *Sharp v. State*, 534 N.E.2d 708 (Ind.1989), *cert. denied*, 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617.

Later, the State initiated the instant prosecution against Sharp and obtained four conspiracy convictions based on additional illegal drug transactions similar to the ones which were the subject of the earlier prosecution. On direct appeal, we affirmed the two conspiracy convictions which are the subject of the present post-conviction proceedings and remanded for resentencing. *Sharp v. State*, 569 N.E.2d 962 (Ind.Ct.App.1991). Sharp was resentenced to an aggregate term of thirty years to be served concurrent with the previously imposed thirty-year sentence.

In its answer to the instant post-conviction petition, the State raised the affirmative defenses of res judicata and waiver. Sharp's petition was denied, and this appeal ensued.

## DECISION

▮ Post-conviction review is a special remedy whereby a party can present error which for various reasons was not available

or known at the time of trial or on direct appeal. *Holliness v. State*, 494 N.E.2d 305, 306 (Ind.1986). Post-conviction action is not a substitute for direct appeal, and any issue which was or could have been addressed at trial or on direct appeal is not the proper subject of a post-conviction action. *Id.* However, waiver of an issue may be avoided if the failure to present an issue on direct appeal was due to the ineffectiveness of appellate counsel. *Jarrett v. State*, 580 N.E.2d 245, 248 (Ind.Ct.App.1991), *trans. denied.* To obtain reversal on the basis of a claim of an ineffective assistance of counsel, defendant must demonstrate that counsel's alleged error rendered the result of the proceeding fundamentally unfair or unreliable. *Games v. State*, 684 N.E.2d 466, 469–70 (Ind.1997) (No longer sufficient to establish a reasonable possibility that the outcome would have been different); *See also Jackson v. State*, Ind., 683 N.E.2d 560, 562–63 (1997). As stated in *Beliles v. State*, 663 N.E.2d 1168 (Ind.Ct.App.1996):

> The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. In reviewing the judgment of a post-conviction court, the appellate court considers only the evidence and reasonable inferences supporting the judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. A post-conviction petitioner who has been denied relief is in the position of one who has received a negative judgment and will only obtain reversal where the evidence is undisputed and leads inevitably to a conclusion opposite that of the post-conviction court. A post-conviction petitioner will not carry his burden unless he can affirmatively demonstrate that his substantive rights have been prejudiced.

*Id.* at 1171 (Citations omitted).

## I.

### *Speedy Trial*

On September 25, 1987, the instant charges were filed against Sharp while he was already incarcerated. On September 29, 1987, Sharp moved for a speedy trial (within 70 days under Ind.Criminal Rule 4(B)(1)) and requested discovery from the State. The trial court set the trial for November 20, 1987, and entered a standard discovery order. On November 6, 1987, the State filed a voluminous response to Sharp's discovery request including the names of fifty-six witnesses and over 1000 pages of documents, including 317 pages of drug prescriptions. On November 12, 1987, Sharp moved for a continuance on the following basis:

> [C]ounsel for defendant received the State's discovery today, and said information requires a considerable amount of time to evaluate. Due to the large number of witnesses the State expects to call, counsel needs additional time to prepare for this case.

The trial court reset the trial outside the seventy day period. In February of 1988, Sharp joined with the State in requesting another continuance. Sharp did not object to resetting of the trial outside the seventy day period or move for discharge under C.R. 4. Sharp was ultimately tried December 21, 22, and 23, 1988, approximately fifteen months after he had been charged.

■ Sharp asserts that his rights under C.R. 4 were violated because the State "sabotaged" his right to speedy trial by filing a voluminous discovery response close to the original trial setting. Sharp argues that he was unjustly forced to choose between 1) going to trial without sufficient preparation, or 2) waiving his right to be tried within 70 days by moving for a continuance. Sharp relies, in part, upon *Biggs v. State*, 546 N.E.2d 1271 (Ind.Ct.App.1989) in which we stated:

> To put the defendants in a position whereby they must either go to trial unprepared due the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation. Therefore, we will not charge the defendants with any delay that may appear to

have resulted from the ... motion for a continuance.

*Id.* at 1275.

■ Sharp failed to raise this issue on direct appeal. Therefore, it has been waived. *See Holliness,* 494 N.E.2d at 306. Sharp argues the issue has survived waiver due to his appellate counsel's ineffectiveness in failing to raise this allegedly meritorious issue on appeal. We disagree.

The present case was perhaps more complicated than most because it involved a conspiracy to obtain and sell prescription drugs over a period of time. The trial in this matter spanned three days. Defense counsel necessarily required a substantial amount of time to adequately prepare for trial and, accordingly, moved for a continuance. Later, defense counsel joined with the State in a motion for an additional continuance. Sharp was tried approximately fifteen months after he had been charged. That Sharp was not tried within the original seventy day period in no way rendered the result of the trial fundamentally unfair or unreliable. On the contrary, the additional time gave defense counsel more time to prepare and, in all likelihood, rendered the result more reliable. Therefore, we find no ineffective assistance of counsel. *See Jackson,* 683 N.E.2d at 562–63. The C.R. 4 issue has been waived.

## II.

### Double Jeopardy

■ Sharp argues that the instant prosecution violated the prohibition against double jeopardy because the conspiracy charges were based upon the same illegal drug dealing activity of which he was convicted previously. Sharp concedes that the prohibition against double jeopardy has not been violated under the statutory analysis test prescribed by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), but argues that his rights have been violated under the more stringent "as charged" standard prescribed by the Indiana Supreme Court in *Derado v. State,* 622 N.E.2d 181 (Ind.1993), and similar cases.

Sharp raised this precise issue on direct appeal where we held:

> [w]e have examined the information against [Sharp] in the prior proceeding, and determine the [Sharp's] argument is without merit. The information shows that the conspiracies were not included as charged and there is no violation of double jeopardy.

*Sharp,* 569 N.E.2d at 966. Accordingly, this issue is barred by res judicata. *See Arthur v. State* 663 N.E.2d 529, 531 (Ind.1996); *Thompson v. State,* 552 N.E.2d 472 (Ind. 1990).

Sharp asserts that our earlier opinion was incorrect and principles of fundamental fairness require that we rectify our mistake despite res judicata, citing *State v. Huffman,* 643 N.E.2d 899 (Ind.1994), which held:

> With due respect for the doctrine of *res judicata* this Court has always maintained the option of reconsidering earlier cases in order to correct error. A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice. Finality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter.

643 N.E.2d at 901 (Citations and quotations omitted); *See also, Arthur,* 663 N.E.2d at 531.

■ Even if Sharp were correct in his assertion that the drug transactions charged in the earlier prosecution were the precise subject of the instant conspiracy charges, recent decisions by our supreme court would lead us to the conclusion that no double jeopardy violation had occurred. *Grinstead v. State,* 684 N.E.2d 482, 486 (Ind.1997) (Convictions for murder and the conspiracy to commit murder arising out of the same act or transaction did not violate double jeopardy because "the rule of *Derado* and other cases holding to the same effect" is no longer an accurate statement of law); *Games,* 684

N.E.2d at 473–74 (Disapproving Indiana's former double jeopardy analysis "which looked beyond the statutory elements, adding the requirement that a reviewing court look to the offenses as charged or to the jury instructions."); *Bryant v. State,* 660 N.E.2d 290, 295 (Ind.1995) (*Blockburger* test used for "same offense" analysis in subsequent prosecution cases).

In both *Grinstead* and *Games,* the court applied only the *Blockburger* test in evaluating whether the defendant's double jeopardy rights had been violated. *Grinstead,* 684 N.E.2d at 486; *Games,* 684 N.E.2d at 477–78. And, as noted above, Sharp concedes that he cannot establish a double jeopardy violation under the *Blockburger* test. Accordingly, we cannot conclude that an application of the doctrine of res judicata would work a manifest injustice. Therefore, we decline to revisit our earlier decision.

### III.

#### *Overbroad Charging Information*

 The charging information alleged that the conspiracies took place "on or before the 21st day of February, 1987." Sharp filed a notice of alibi defense. The State did not respond to the notice, and the trial court denied Sharp's motion to dismiss the charges based on his argument that the charges were vague or overbroad. In this appeal, Sharp argues that the charges were "so vague that he was unable to discern possible defenses, much less prepare a defense for trial." (Sharp's brief p. 29).

Sharp failed to raise this issue on direct appeal. Therefore, it has been waived. *See Holliness,* 494 N.E.2d at 306. Again, Sharp argues the issue has survived waiver due to his appellate counsel's ineffectiveness in failing to raise this allegedly meritorious issue on appeal. We disagree.

In the present case, the State submitted a voluminous discovery response detailing the transactions alleged to have been carried out in furtherance of the alleged conspiracies. Sharp's attorney had over a year to prepare for trial. By the time of trial, Sharp was on

sufficient notice of the nature of the offenses and the conduct with which he was charged in order to adequately prepare for trial. Accordingly, we cannot conclude that any deficiency in the charging information rendered the result of the trial fundamentally unfair or unreliable. We find no ineffective assistance of counsel. *See Jackson,* 683 N.E.2d at 562–63. Therefore, any error has been waived.

Judgment affirmed.

NAJAM and DARDEN, JJ., concur.