**William D. ROBERTSON,**
**Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee.**

**No. 22A01–9706–PC–189.**

Court of Appeals of Indiana.

Aug. 31, 1998.

Stanley E. Robison, Jr., New Albany, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SULLIVAN, Judge.

Appellant, William D. Robertson (Robertson), appeals the trial court's denial of his Successive Petition for Post–Conviction Relief.

We affirm.

On October 12, 1989, the State charged Robertson with two counts of Dealing in Cocaine, as Class A felonies,[1] and one count of Dealing in Cocaine, as a Class B felony.[2] On June 6, 1990, a jury convicted him on all counts, and the trial court sentenced him to consecutive terms totaling eighty years. Thereafter, another panel of this court affirmed the convictions in an unpublished memorandum decision. *Robertson v. State* (1991) Ind.App., 577 N.E.2d 625.

Robertson filed a Petition for Post–Conviction Relief on August 17, 1992, which the trial court denied. Another panel of this court affirmed the denial with respect to the underlying convictions. However, the court remanded the case for resentencing, and the trial court resentenced Robertson to concurrent terms of imprisonment of thirty-five years. *Robertson v. State* (1995) Ind.App., 650 N.E.2d 1177, *reh'g denied.* (Hereafter *Robertson II* ). Specifically, the court concluded that Robertson was not entitled to an instruction regarding the lesser-included offense of Possession of Cocaine,[3] because the language of the information closely tracked the wording of the Dealing in Cocaine statute.[4] *Id.* at 1182.

Thereafter, in *Wright v. State* (1995) Ind., 658 N.E.2d 563, 570, the Indiana Supreme Court expressed its disapproval of *Robertson II, supra,* 650 N.E.2d at 1177. Contrary to the holding in *Robertson II,* the Court stated that prosecutors may not preclude an instruction regarding a lesser-included offense by closely tracking statutory language in the information.[5] *Wright, supra* at 570. Rather, the Court developed a three-pronged analysis to be applied when a party requests an instruction on an included offense.

On March 26, 1996, Robertson filed his Successive Petition for Post–Conviction Relief, which again asserted that the trial court erred in failing to instruct the jury about the included offense. The trial court denied this petition on March 17, 1997. This denial prompted the present appeal.

Upon appeal, Robertson essentially argues that he should receive the benefit of the new constitutional rule [6] enunciated in *Wright.* Moreover, he contends that the charging information was deficient and the trial court erred in submitting a verdict form for Dealing in Cocaine, as a Class B felony, to the jury.

## I. RETROACTIVITY OF NEW CONSTITUTIONAL RULE OF CRIMINAL PROCEDURE

In *Teague v. Lane* (1989) 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, *reh'g denied,* the United States Supreme Court held that a criminal defendant may not generally receive the benefit of a new constitutional rule of criminal procedure upon collateral review of a final decision. However, the Court con-

1. I.C. 35–48–4–1(b) (Burns Code Ed. Supp.1989).

2. I.C. 35–48–4–1(a) (Burns Code Ed. Supp.1989).

3. I.C. 35–48–4–6 (Burns Code Ed. Supp.1989).

4. According to the court, " 'the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction of a lesser offense. The point is that absolute discretion rests in the state to determine the crime[s] with which a defendant will be charged.' " *Id.* at 1182. (Quoting *Jones v. State* (1982) Ind., 438 N.E.2d 972, 975).

5. However, the State may foreclose the possibility of an instruction regarding a factually-included offense if facts which could have been charged as part of the offense are omitted from the charging instrument. *Wright, supra* at 570.

6. The rule is new because it "was not *dictated* by precedent existing at the time" Robertson was convicted. *See Teague v. Lane* (1989) 489 U.S.

288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334, *reh'g denied.* (Emphasis in original). As relevant in the present inquiry, the Court had not previously stated that "the wording of a charging instrument *never* forecloses or precludes an instruction on an inherently lesser included offense." *Wright, supra,* 658 N.E.2d at 567. (Emphasis in original). To the contrary, prior case law created uncertainty with regard to when, if ever, an included offense instruction could be foreclosed by the manner in which the charge was worded. *Id.*

Moreover, the rule pertains to constitutional matters because Article I, Section 13 of the Indiana Constitution requires that the accused receive clear notice of the charges against him. This constitutional protection is a collateral underpinning to the right of a defendant to receive an instruction as to an included offense. *See Howard v. State* (1982) Ind.App., 431 N.E.2d 868, 869.

cluded that a new rule should apply retroactively "if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.*, 109 S.Ct. at 1073. (Quoting *Mackey v. United States* (1971) 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404). In addition, retroactive application is appropriate where, as a result of growth in society and the judiciary, understanding of "bedrock procedural elements" is altered so as to "vitiate the fairness of a particular conviction," such as the right to counsel. *Id.* at 1076. (Quoting *Mackey, supra* at 693–94, 91 S.Ct. 1160). (Emphasis omitted).

■ As neither exception applies in the instant case, we decline to retroactively apply the new rule regarding the court's duty to instruct the jury about included offenses.[7] The first exception has no relevance, as the rule does not bear upon the ability of the government to proscribe individual conduct. Moreover, although the rule significantly clarifies the procedure governing these particular jury instructions, it does not reflect an alteration of "bedrock procedural elements" necessary to implicate the second exception. *Id.*

## II. ALLEGED DEFICIENCY OF CHARGING INFORMATION

■ Robertson also argues that the failure of the charging information to set forth to whom the cocaine was delivered warrants reversal. This contention is without merit. Although the crimes of which Robertson was convicted require the transfer of cocaine from one person to another, I.C. 35–48–4–1 does not mandate that the identity of the transferee be stated in the charging information. Robertson cites no precedent to the contrary.

## III. ALLEGED IRREGULARITIES IN VERDICT FORMS

■ Finally, Robertson appears to urge that irregularities in the verdict forms entitle him to a new trial. Our uncertainty in this respect is occasioned by the lack of coher-

ence in the presentation. However, if our assessment of the argument is correct, Robertson waived this issue by not presenting it at the time of the first post-conviction proceeding. Ind. Post–Conviction Rule 1(8).

The judgment is affirmed.

KIRSCH, J., concurs.

FRIEDLANDER, J., concurs in result with separate opinion.

FRIEDLANDER, Judge, concurring in result.

I fully concur with the majority opinion as to Issues II and III. I concur with the majority's conclusion with respect to Issue I, but base my concurrence as to that issue upon reasoning that differs from the majority's.

The majority concludes that the new rule enunciated in *Wright v. State*, 658 N.E.2d 563 should not be applied retroactively in view of the retroactivity analysis espoused by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *reh'g denied.* I believe that Robertson's appeal of this question fails for a different reason—it is barred by the doctrine of res judicata.

Robertson unsuccessfully challenged his convictions upon direct appeal and again via petition for post-conviction relief. Among other issues presented in the post-conviction proceeding, Robertson argued that the court erred in failing to instruct the jury on the inherently lesser included offense of possession of cocaine. In addressing Robertson's contention, this court applied the two-step analysis set out by our supreme court in *Compton v. State*, 465 N.E.2d 711 (Ind.1984). We first examined the statutes involved and the charging information, and then we examined the evidence to determine whether the facts would support the instruction. We determined that the trial court did not err in refusing to instruct on the lesser included offense. *See Robertson v. State*, 650 N.E.2d 1177 (Ind.Ct.App.1995) (hereinafter referred to as *Robertson II*).

---

7. Moreover, we recognize the magnitude of permitting retroactive application in this case, as principles of fairness would necessarily require that such action extend to all similarly-situated individuals. *See Teague, supra,* 109 S.Ct. at 1070.

In *Wright v. State,* 658 N.E.2d 563 (Ind. 1995), our supreme court changed the analysis for determining whether a trial court errs in failing to instruct on a lesser included offense. In so doing, the court overruled *Compton v. State,* 465 N.E.2d 711, to the extent that it held that by drafting a charging instrument in such a way as to track the statutory language defining the crime charged, the State may preclude an instruction on either an inherently or factually included offense of the crime charged. The court also explicitly "disapproved" several cases, including *Robertson II.* Robertson contends that the disapproval of *Robertson II* means, in effect, that *Robertson II* was overruled and may not be relied upon for res judicata purposes.

The meaning and significance of the supreme court's "disapproval" of *Robertson II* are pivotal questions in this appeal. Robertson contends that "disapproved" in this context is the same as "overruled". In both cases, he argues, the opinion is a nullity and cannot be viewed as a source for later deciding the issues on the basis of waiver or res judicata. I do not agree with Robertson's premise, *i.e.,* that "disapproved" and "overruled" are synonymous in this context.

It is significant to me that the court in *Wright* explicitly "overruled" some cases and "disapproved" others. I find it unlikely that the supreme court would have made a distinction that carried with it no significance, and conclude that there is indeed a distinction between the two. The meaning of "overruled" in this context is clear to me. A case that is overruled based upon a new rule or principle of law is void and held for naught. In such cases, the only question remaining is whether the new rule applies retroactively. *See Davis v. State,* 598 N.E.2d 1041 (Ind. 1992), *cert. denied,* 510 U.S. 948, 114 S.Ct. 392, 126 L.Ed.2d 340 (1993). On the other hand, the meaning of "disapproved" as used in *Wright* must be gleaned from context.

The court disapproved *Robertson II* "[t]o the same extent-but only to the same extent", *Wright v. State,* 658 N.E.2d at 570, that it incorporated the principle endorsed in *Compton* to the effect that "prosecutors may, by drafting a charging instrument to track the statutory language defining the crime charged, foreclose or preclude an instruction on either an inherently or factually included offense of the crime charged." *Id.* (footnote omitted). Therefore, in *Robertson II,* the supreme court disapproved only the use of the *Compton* analysis for determining the propriety of refusing to instruct the jury on a lesser offense than the crime charged. Such was not tantamount to a reversal of the entire *Robertson II* opinion, or even that opinion's holding that the trial court did not commit reversible error in refusing the instruction. It merely disapproved the use of the aforementioned aspect of the *Compton* analysis. Accordingly, *Robertson II's* holdings regarding the particular issues presented in that case remain undisturbed by *Wright.*

An issue that was previously raised and determined adverse to the appellant's position is res judicata. *Arthur v. State,* 663 N.E.2d 529 (Ind.1996). Robertson acknowledges that the issue of the failure to instruct the jury on the lesser included offense was decided adverse to his position in *Robertson II.* In my view, *Robertson II's* resolution of the particular issues presented therein remain in force and this issue is barred by res judicata. *See Sharp v. State,* 684 N.E.2d 544 (Ind.Ct.App.1997), *trans. denied.*[8]

---

**8.** I note as an aside that Robertson does not contend that, because of the use of the erroneous *Compton* analysis in *Robertson II,* principles of fundamental fairness require that this issue be revisited despite res judicata. *See Sharp v. State,* 684 N.E.2d 544. That being the case, there is no need to determine whether there exist "extraor-

dinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice'" *Arthur v. State,* 663 N.E.2d 529 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)), such as would justify revisiting a prior decision.