Donald GUFFEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 33A04–9801–CR–25.

Court of Appeals of Indiana.

Jan. 26, 1999.

**206**

Michael R. Burrow, Jeffrey S. Neel, Wolf & Burrow, Greenfield, Indiana, for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, for Appellee.

ROBB, Judge.

### Case Summary

Appellant–Defendant, Donald Guffey ("Guffey"), appeals his convictions for Robbery,[1] a class B felony, and Conspiracy to Commit Robbery,[2] a class B felony, and the jury's finding that he is an habitual offender. We affirm.

### Issues

Guffey raises four issues for our review which we restate as:

I. Whether his convictions for aiding in the commission of robbery and conspiracy to commit robbery are barred by the Indiana Constitutional protection against double jeopardy;

II. Whether conspiracy to commit robbery is a lesser included offense of aiding in the commission of robbery;

III. Whether there was sufficient evidence to support his conspiracy conviction; and,

IV. Whether his sentence was manifestly unreasonable.

### Facts and Procedural History

The facts most favorable to the verdict show that on April 15, 1997, Guffey, Joe Curnatt, and Donald Lee ("Lee") discussed robbing a local Speedway gas station. Guffey and Lee later discussed when the robbery would occur, where to put the money, and the use of Guffey's gun. They decided that Lee would commit the robbery while Guffey would be the lookout. Other details were worked out later that evening. While Guffey waited across the street from the gas

---

1. Ind.Code §§ 35–42–5–1, 35–41–2–4.

2. Ind.Code §§ 35–42–5–1, 35–41–5–2.

station, Lee carried out the robbery as planned.

Guffey was charged with aiding in the commission of robbery and conspiracy to commit robbery. A jury found Guffey guilty on both counts.

### Discussion and Decision

#### I.

Guffey argues that his convictions for aiding in the commission of robbery and conspiracy to commit robbery violate his right against double jeopardy. He contends that the Indiana Constitution[3] provides greater protection in this area than does the U.S. Constitution.

■ Guffey seems to concede that his convictions do not violate the double jeopardy clause of the federal constitution, but argues that we should follow *Derado v. State*, 622

3. Ind. Const. art. I, § 14.

4. Aiding in the commission of robbery requires proof that the offense was actually committed, while conspiracy to commit robbery requires proof of an agreement to commit robbery and an overt act in furtherance of the agreement.

5. Nevertheless, we are troubled by one aspect of the double jeopardy analysis presented by this case. In order to convict Guffey of aiding in the commission of robbery as a class B felony, the State must have proven that he "knowingly or intentionally aid[ed], induce[d], or cause[d] another person," Ind.Code § 35–41–2–4, to "knowingly or intentionally take[ ] property from another person ... while armed with a deadly weapon...." Ind.Code § 35–42–5–1. Next, in order to convict Guffey of conspiracy to commit robbery as a class B felony, the State must have proven that he "with intent to commit [robbery], agree[d] with another person to commit [robbery]," and "that either [Guffey] or the person with whom he agreed performed an overt act in furtherance of the agreement." Ind.Code § 35–41–5–2.

Our supreme court has determined that "we look only to the statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime, or the underlying proof needed to establish the elements." *Games v. State*, 684 N.E.2d 466, 477 (Ind.1997), *modified on reh'g*, 690 N.E.2d 211 (Ind.1997). Yet *Games* cannot always be "limited to a strict comparison of specific statutory terms used to define the elements of each crime." *Moore v. State*, 698 N.E.2d 1203, 1205 (Ind.Ct.App.1998), *trans. denied; see Goudy v. State*, 689 N.E.2d 686, 698 (Ind.1997) (holding

N.E.2d 181 (Ind.1993) and adopt a test that looks beyond the statutory elements of the offenses to the charging informations. This court has recently addressed this identical argument. In *Moore v. State*, 691 N.E.2d 1232 (Ind.Ct.App.1998), we held that "the better alternative is to remain consistent with federal double jeopardy analysis and utilize the *Blockburger [v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] 'same elements' test." For the reasons stated in *Moore*, we conclude that double jeopardy analysis is the same under both the federal and state constitutions.

■ Here, Guffey admits that aiding in the commission robbery and conspiracy to commit robbery each contain an element that the other does not.[4] Thus, we conclude that Guffey's convictions do not violate the protection against double jeopardy provided by the Indiana Constitution.[5]

that attempted carjacking was a lesser-included offense of attempted robbery where the property taken was a motor vehicle, but "[i]f a person was convicted of Carjacking for the taking of a motor vehicle and of Robbery for the taking of some *other* property, then ordinarily no "included offense" problems would arise.")

Our concern arises in the context of convictions for conspiracy to commit a crime and aiding a person to commit that crime. While each charge contains an element the other does not, *see supra* note 4, each must be committed by two or more persons and any overt act in furtherance of the conspiracy by one person could, in most instances, be considered to aid the other person to commit the crime. The overt act could be for a purpose *other* than to aid or induce another person, *cf. Goudy*, or the overt act could even be commission of the offense itself. However, we believe we are prevented from looking beyond the form of the statutory elements to the substance of those elements.

Our supreme court, in *Haak v. State*, 695 N.E.2d 944 (Ind.1998), considered a defendant's convictions for murder and conspiracy to commit murder. In *Haak*, shortly before trial, the State amended the charging information to delete one of eight overt acts Haak allegedly had taken in furtherance of the conspiracy. *Id.* at 951. The deleted portion alleged that Haak had committed the substantive offense as an overt act. The court stated that

[e]ven if we accepted the premise ... that Haak was or should have been tried on an information alleging [the] murder as an overt act—there would be no error because the inquiry in determining whether two offenses are the "same" for federal double jeopardy purposes focuses on the statutes defining the crimes, not the charging instrument.

## II.

Guffey contends that conspiracy to commit robbery is a lesser included offense to aiding in the commission of robbery, and his convictions for both cannot stand. He argues that it is impossible to be convicted of the latter without being convicted of the former.

Indiana Code Section 35–38–1–6 provides: "Whenever: (1) a defendant is charged with an offense and an included offense in separate counts; and (2) the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense."

'Included offense' means an offense that: (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Ind.Code § 35–41–1–16.

■ Again, Guffey concedes that each offense of which he was convicted is established by proof of an element not found in the other. Nevertheless, he asserts that proof of the actual commission of a crime is always proof of an overt act in furtherance (of the criminal agreement). As the State points out, however, one can conceivably aid in the commission of a crime without having previously agreed to do so. Conspiracy to commit a crime is not an included offense of aiding, inducing or causing the same crime. *See Chinn v. State,* 511 N.E.2d 1000, 1003 (Ind.1987); *Stonebraker v. State,* 505 N.E.2d 55, 57 (Ind.1987).

## III.

Guffey next argues that the evidence was insufficient to support his conviction for conspiracy to commit robbery. He asserts that there was no proof of the existence of an agreement.

■ When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Rickey v. State,* 661 N.E.2d 18, 24 (Ind.Ct. App.1996), *trans. denied.* We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the judgment. *Id.* When there is substantial evidence of probative value to support the conviction, the judgment will not be disturbed. *Id.*

■ In order to meet its burden on the conspiracy, the State had to prove beyond a reasonable doubt that "with intent to commit [robbery, Guffey] agree[d] with another person to commit [robbery]" and "that either [Guffey] or the person with whom he agreed performed an overt act in furtherance of the agreement." Ind.Code § 35–41–5–2; *see* Ind.Code § 35–42–5–1. The State is not required to prove the existence of a formal express agreement. *Wright v. State,* 690 N.E.2d 1098, 1107 (Ind.1997). Circumstantial evidence is sufficient to prove the necessary agreement. *Lott v. State,* 690 N.E.2d 204, 208 (Ind.1997).

■ The evidence shows that Guffey and Lee planned the robbery together, including the details of where to put the money, the gun to be used, the timing of the crime, and what each of them would do. The evidence was sufficient to prove the existence of an agreement to support Guffey's conviction for conspiracy to commit robbery.

## IV.

Guffey argues that the sentence imposed by the trial court was manifestly unreasonable. He was sentenced to concurrent terms

---

*Id.* at 952. The court concluded that "[m]urder and conspiracy to commit murder are separate offenses under this analysis." *Id.* The conclusion in *Haak,* that even if the overt act alleged is the same act required for conviction of the offense, appears to contradict cases holding the contrary.

*See Morgan v. State,* 675 N.E.2d 1067 (Ind.1996). In any event, *Haak* precludes this court from looking beyond the surface of the statutes themselves. Because we agree that the Indiana constitution does not mandate a different analysis, we find no error.

 

of fifteen years for his convictions for aiding in the commission of robbery and conspiracy to commit robbery. Guffey's sentence was enhanced by twenty years upon his being found to be an habitual offender. Guffey contends that the trial court erred in considering his drug and alcohol abuse as only a minor mitigating factor.

Sentencing decisions rest within the sound discretion of the trial court and are reversed only for an abuse of discretion. *Blanche v. State,* 690 N.E.2d 709, 714 (Ind. 1998). We do not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Id.;* Ind. Appellate Rule 17(B).

The sentencing judge has the discretion to increase or decrease the sentence based on aggravating and mitigating factors, and the use of mitigating factors is not mandatory. *Hunter v. State,* 676 N.E.2d 14, 17 (Ind.1996). It is primarily the trial court's responsibility to determine the weight to be given the aggravating or mitigating circumstances. *Ross v. State,* 676 N.E.2d 339, 347 (Ind.1996). However, in imposing an enhanced sentence, the trial court must identify all significant mitigating and aggravating circumstances. *Hunter,* 676 N.E.2d at 17. A single proper aggravator may suffice to sustain an enhanced sentence. *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997).

The trial court made findings regarding mitigating and aggravating circumstances. It found that Guffey had a "continuous and consistent pattern of criminal offenses and convictions." (R. 639). The trial court found that Guffey's criminal history as well as the nature and circumstance of the offense were aggravating factors. The court also found that even though the use of alcohol mitigated the amount of planning involved in the crime, alcohol was a slight aggravating factor. Other aggravating factors were found as well. We conclude that the trial court did not abuse its discretion in weighing the mitigating and aggravating factors and properly enhanced Guffey's sentences.

Affirmed.

STATON, J. concurs.

KIRSCH, J. concurs and concurs in result as to Part I.