**Donald GUFFEY, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 33S04–9910–CR–507.**

Supreme Court of Indiana.

Oct. 1, 1999.

Michael R. Burrow, Wolf & Burrow, Greenfield, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

### DICKSON, J.

The defendant-appellant, Donald Guffey, was convicted of aiding in the commission of armed robbery, a class B felony,[1] and conspiracy to commit armed robbery, a class B felony.[2] The jury found him to be a habitual offender.[3] The trial court sentenced the defendant to concurrent terms of fifteen years for each offense but enhanced the armed robbery sentence by twenty years for the habitual offender determination. The Court of Appeals affirmed. *Guffey v. State*, 705 N.E.2d 205 (Ind.Ct.App.1999). The defendant seeks transfer to challenge the resolution of his double jeopardy claim. We grant transfer to address this claim but otherwise summarily affirm the Court of Appeals. Ind. Appellate Rule 11(B)(3).

■ The defendant asserts that his separate convictions for aiding in armed robbery and conspiracy to commit armed robbery violate the Double Jeopardy Clause of the Indiana Constitution,[4] which he claims provides greater protection than the federal provision. Citing *Derado v. State*, 622 N.E.2d 181 (Ind.1993), he urges that Indiana's Double Jeopardy Clause be construed to require that the reviewing court look to the manner in which the offenses are charged to determine whether additional facts are necessary to prove the perpetration of either offense. The defendant correctly acknowledges that the *Derado* analysis was based on an interpretation of federal, rather than state, double jeopardy protections. As he also notes, the *Derado* rule is no longer an accurate statement of federal double jeopardy law. *See Grinstead v. State*, 684 N.E.2d 482, 486 (Ind.1997). The defendant argues, however, that our state double jeopardy jurisprudence should be construed to implement a *Derado*-style analysis. With today's decision in *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), we have examined the Indiana Double Jeopardy Clause and declined to adopt an analysis restricted to a comparison of the language in the charging instruments. In *Richardson*, we hold that two tests apply to determine whether

---

1. IND.CODE §§ 35–41–2–4 & 35–42–5–1 (1993).

2. IND.CODE §§ 35–41–5–2 & 35–42–5–1 (1993).

3. IND.CODE § 35–50–2–8 (1993).

4. Article I, Section 14 of the Indiana Constitution provides in part that "[n]o person shall be put in jeopardy twice for the same offense." The defendant does not claim violation of the federal Double Jeopardy Clause.

two or more offenses constitute the same offense under the state Double Jeopardy Clause—the statutory elements test and the actual evidence test:

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Id.* at 49. Under the statutory elements test, "[e]ach offense must contain at least one element which is separate and distinct from the other offense so that the same evidence is not necessary to convict for both offenses." *Id.* at 52.

■ The defendant was charged with aiding in the commission of armed robbery. The robbery statute provides:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
>
> (1) by using or threatening the use of force on any person; or
>
> (2) by putting any person in fear;
>
> commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

IND.CODE § 35–42–5–1. The accomplice liability statute provides:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
>
> (1) has not been prosecuted for the offense;
>
> (2) has not been convicted of the offense; or
>
> (3) has been acquitted of the offense.

IND.CODE § 35–41–2–4. The essential statutory elements of the charged offense are: (1) the defendant (2) knowingly or intentionally (3) aided, induced, or caused (4) Donald Lee (5) to commit robbery by knowingly or intentionally taking property by threatening the use of force while armed with ·a deadly weapon.

The conspiracy statute provides in part:

> (a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony....
>
> (b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement.

IND.CODE § 35–41–5–2. The essential statutory elements of the charged offense are: (1) the defendant (2) agreed with Donald Lee to commit the crime of armed robbery (3) with the intent to commit armed robbery and (4) the defendant or Donald Lee performed an overt act in furtherance of the agreement.

Applying the statutory elements test, we find that both the aiding in the commission of armed robbery charge and the conspiracy charge contain at least one separate and distinct essential element. The aiding in the commission of armed robbery charge requires proof that the defendant aided, induced, or caused Donald Lee to commit the armed robbery, which is not required to prove the conspiracy charge. The conspiracy charge requires proof of an agreement to commit robbery, which is not required to prove the aiding in the commission of armed robbery charge. Thus, we find that aiding in the commission of armed robbery and conspiracy to commit robbery are not necessarily the same offense under the statutory elements test of the Indiana Double Jeopardy Clause.

■■ The defendant contends that the actual evidence used to convict him of aiding in the armed robbery was also used to

convict him of conspiracy to commit armed robbery. We analyze this claim using the actual evidence test, a second consideration for determining whether two or more offenses constitute the same offense under the Indiana Double Jeopardy Clause. To show that two challenged offenses constitute the "same offense" under this test, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson*, 717 N.E.2d at 53.

The evidence presented at trial established that, during the afternoon of April 15, 1997, the defendant, his nephew Donald Lee, and Joseph Curnatt discussed the defendant's need for some money, and the defendant suggested robbing a nearby house. Curnatt mentioned that if he were to rob a place, he would rob the nearby Speedway gas station, suggesting that it would be easy. Once the defendant and Lee were alone, the defendant suggested that they rob the Speedway station, and, throughout the afternoon, they discussed the possibility and developed a plan. They decided that they would rob the gas station later that night near closing time when there would be more money. The defendant wanted Lee, who had only recently returned to the area, to do it because people knew the defendant and would recognize him, but people would be less likely to recognize Lee. The defendant instructed Lee to commit the robbery when the traffic light was green so that people sitting in cars at the light would not observe the robbery as it occurred. The defendant also instructed Lee to put the money in a bag so that people would not see Lee run across the street with money in his hand. Lee would use the defendant's gun. During the robbery, the defendant would stand across the street and act as a look out. Later that evening, the defendant and Lee discussed the planned robbery further, including where they

were going to walk, where Lee would keep the gun, and what Lee would wear so that the gun would be hidden under baggy clothing. The defendant instructed Lee once again to make sure the light was green so that the traffic would be moving. The defendant put a shell in his gun and gave the gun to Lee, who put it in the front of his pants and covered it with his shirt. The defendant and Lee walked to the vicinity of the Speedway station. After Lee told the defendant that he was going to "do it" and the defendant nodded, Lee crossed the street to where the Speedway was located. The defendant waited in a nearby parking lot. Lee approached the Speedway attendant's window, pointed a gun at her, and told her to put all of the money from the register into a bag. The attendant put the money in the bag, and Lee took the bag and left the gas station. After the robbery, the defendant and Lee met in the yard of the house at which they were staying. The defendant took the money and the gun from Lee and told Lee to change his clothes. The defendant hid the gun and the money.

We note that, notwithstanding this evidence of elaborate planning and implementation, the jury was instructed to direct its attention to specific evidentiary facts. In the preliminary and final instructions, the jury was instructed as follows regarding aiding in the commission of armed robbery charge:

[O]n or about April 15, 1997, ... Donald G. Guffey, did knowingly aid one Donald Lee in the commission of the offense of robbery, to-wit: the intentional taking by Donald Lee of property ... belonging to Emro Marketing Company d/b/a Speedway, from Lustina Bowsman; by threatening the use of force, pointing a handgun at Lustina Bowsman, said act being committed while Donald Lee was armed with a deadly weapon, namely, a .380 caliber handgun, in that said Donald G. Guffey handed said handgun to Donald Lee, and was waiting for Donald Lee to leave the property of Emro Market-

ing Company d/b/a Speedway, knowing that Donald Lee was going to commit the offense of robbery at said location. . . .

Record at 137, 151–52. The jury was instructed as follows regarding the conspiracy charge and the overt acts in furtherance of the agreement:

> Donald G. Guffey and Donald Lee did perform overt acts, to-wit: Donald Lee having entered upon the property of Emro Marketing Company d/b/a Speedway with said handgun, and Donald G. Guffey having handed said weapon to Donald Lee beforehand and then waited for Donald Lee to exit from upon the property of Emro Marketing Company d/b/a Speedway, all in furtherance of said agreement. . . .

Record at 137–38, 152. In Final Instruction no. 5, the jury was also instructed:

> To convict the Defendant of the offense of Conspiracy to Commit Armed Robbery, . . . [t]he State must have proven . . . [that] Donald Guffey and/or Donald Lee performed an overt act(s) in furtherance of the agreement, by:
>
> a. Donald Lee entered upon the property of Emro Marketing Company d/b/a Speedway; and/or
>
> b. Donald G. Guffey handed the weapon to Donald Lee before Lee entered the property of Emro Marketing Company and waited for Donald Lee to exit from the property.

Record at 157–58.

From a comparison of these jury instructions, we find that there is a reasonable possibility that the jury used the same evidentiary facts—that the defendant provided the handgun to Lee and waited on Lee to commit the robbery—to prove the essential elements of conspiracy to commit armed robbery and the essential elements of aiding in the commission of armed robbery. Because both convictions cannot stand under the Indiana Double Jeopardy Clause, we elect to vacate the conviction for conspiracy to commit armed robbery,

leaving stand the conviction and sentence of fifteen years imprisonment for aiding in the commission of armed robbery and the habitual offender enhancement of twenty years.

### Conclusion

Transfer is granted. Having considered the defendant's contention that his convictions violate the Double Jeopardy Clause of the Indiana Constitution, we vacate the conviction and sentence for conspiracy. In all other respects the opinion of the Court of Appeals is summarily affirmed. Ind. App. R. 11(B)(3).

SHEPARD, C.J., and SULLIVAN, JJ., concur. BOEHM, J., concurs in result with separate opinion in which SELBY, J., concurs.

BOEHM, Justice, concurring in result.

I agree with the majority that Guffey's convictions for conspiracy to commit robbery and aiding in the commission of a robbery are improper. Because under the instructions both offenses required the State to prove the same set of acts, I conclude that Guffey's convictions for conspiracy to commit robbery and aiding in the commission of a robbery are not "independently supported, separate and distinct" as required by our decision in *Thompson v. State,* 259 Ind. 587, 592, 290 N.E.2d 724, 727 (1972). *See also Richardson v. State,* 717 N.E.2d 32, 57 (Ind.1999) (Boehm, J., concurring in result). Guffey's conviction and sentence for conspiracy to commit robbery must be vacated under this common law rule.

SELBY, J., concurs.